## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30426
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2015

Lyle W. Cayce
Clerk

LANDRY DIXON,

Plaintiff - Appellant

v.

TOYOTA MOTOR CREDIT CORPORATION,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, WIENER, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Plaintiff-Appellant Landry Dixon appeals the district court's dismissal of his complaint for failure to state a claim. For the following reasons, we AFFIRM.

**FACTS & PROCEEDINGS**

In August 2012, Dixon, proceeding pro se, filed a complaint against Toyota Motor Credit Corporation ("TMCC") and Troy Campise, the Sales Manager of Lakeside Toyota ("Lakeside"), an automobile dealership. He alleged that TMCC and Campise defrauded him by leading him to believe that a lease for a Toyota Corolla automobile would be tax exempt because the co-

lessee, DELF, Inc., was a non-profit organization for which Dixon is the registered agent and chief executive officer. Dixon alleged that he signed a lease that set the monthly payments at $312.91, but he was later informed that the payments would be $341.07 because TMCC did not recognize DELF as a tax-exempt corporate customer. Each month, Dixon paid the lower amount, which led to TMCC's efforts to collect the difference and adverse entries on Dixon's credit reports. Dixon's original complaint cited no federal cause of action; construed liberally, it sounded in common law fraud.

On July 17, 2013, after ruling on several dispositive motions, the district court sua sponte dismissed the complaint without prejudice for lack of subject matter jurisdiction.[1] The district court held that Dixon did not establish diversity jurisdiction because he did not plead the citizenship of any party and the amount in controversy was less than $75,000. The district court further held that Dixon had not established federal question jurisdiction because his complaint did not raise an issue of federal law, and a post-dismissal motion—which the district court construed as an attempt to amend the complaint—did not raise a substantial federal question. Dixon filed various motions to reconsider and for leave to amend his complaint, all of which were denied.

On January 6, 2014, Dixon filed another action against TMCC, bringing a claim under the Consumer Leasing Act ("CLA"), 15 U.S.C. §§ 1667–1667f. After consolidating this new action with the existing one, the district court granted TMCC's motion to dismiss on April 10, 2014. The district court held that the CLA applies only to "consumer leases"—those by natural people for the use of personal property for personal, family, or household purposes—and the lease at issue was to an organization and was not for personal, family, or household use. Dixon timely appealed the district court's dismissal of his

---

[1] Because the district court ruled that it lacked jurisdiction, it voided its prior orders.

second complaint and was granted leave to proceed in forma pauperis on appeal. A panel of this court granted Campise's motion to dismiss the appeal as to him and denied as unnecessary Lakeside's motion to dismiss the appeal because Lakeside was never a party to the appeal.

## DISCUSSION

We begin by narrowing the issues on appeal. Dixon did not timely appeal the dismissal of his original complaint. The district court entered judgment against Dixon on his first complaint on July 19, 2013 and Dixon did not file this appeal until April 30, 2014, well beyond the thirty days permitted under Federal Rule of Appellate Procedure 4(a)(1)(A), even accounting for the time during which the district court was considering Dixon's various post-judgment motions.[2] As such, our review is limited to the district court's dismissal of Dixon's second complaint. Further, Dixon contends, in his reply brief only, that this court erred in dismissing the appeal as to Campise and failing to consider his claims against Lakeside. Arguments raised for the first time in a reply brief are waived. *See Unida v. Levi Strauss & Co.*, 986 F.2d 970, 976 n.4 (5th Cir. 1993) ("By failing to raise this argument until their reply brief, the Plaintiffs have waived it."). Regardless, neither Campise nor Lakeside were named as defendants in the second complaint, which is the only complaint properly appealed from. Therefore, we review only the dismissal of Dixon's CLA claim. Our review is de novo. *Frame v. City of Arlington*, 657 F.3d 215, 222 (5th Cir. 2011) (en banc). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[2] Moreover, Dixon's Notice of Appeal states that he is appealing the April 10, 2014 district court judgment and the April 24, 2014 denial of his motion to reconsider that judgment. It does not mention the July 2013 judgment. *See* Fed. R. App. P. 3(c)(1)(B) ("The notice of appeal must . . . designate the judgment, order, or part thereof being appealed.").

relief that is plausible on its face." *Id.* (internal quotation marks and citation omitted).

Dixon argues that the district court erred in determining that, because the lease at issue was to an organization, Dixon's complaint failed to state a CLA claim against TMCC. The CLA, as its name suggests, regulates *consumer* leases—those made to natural persons primarily for personal, family, or household purposes. 15 U.S.C. § 1667(1). The CLA does not apply to a lease that is (1) to an organization; or (2) for agricultural, business, or commercial purposes. *Id.*; *see also* 12 C.F.R. § 213.2(e)(1)–(2). The CLA extended the Truth in Lending Act ("TILA"), which similarly applies only to applications for *consumer* credit. *See* 15 U.S.C. § 1603(1) (stating that TILA provisions do not apply to credit transactions "primarily for business, commercial, or agricultural purposes . . . or to organizations"); *Am. Express Co. v. Koerner*, 452 U.S. 233, 241 (1981) ("Two elements thus must be present in every 'consumer credit' transaction: the party to whom the credit is extended must be a natural person, *and* the money, property, or services received by that person must be primarily for [consumer purposes]." (internal quotation marks omitted)).

The district court reasoned that the CLA did not apply because the lease was made to DELF, Inc., an "organization" within the meaning of the statute. There is no reasonable dispute that DELF is a lessee and that DELF is an organization under the meaning of the CLA.[3] *See* 15 U.S.C. § 1602(d) (defining "organization" to include a "corporation"); *K/O Ranch, Inc. by Olson v. Norwest Bank of Black Hills*, 748 F.2d 1246, 1248 (8th Cir. 1984) (exempting, from TILA, loans made to a corporation); *Katz v. Am. Express Co.*, No.14-CV-00084,

---

[3] Dixon argues that he was the only lessee and that the use of DELF, Inc. on the lease documents "was purely and exclusively to receive an excise tax credit." Regardless of the questionable legality of naming a nonprofit in order to receive a tax credit on a personal vehicle, both the lease and Dixon's own complaint state that Dixon and DELF were co-lessees.

2014 WL 6470595, at *13 (D. Haw. Nov. 18, 2014) (holding that plaintiff did not state a TILA claim because credit was extended to a business entity); *No Straw, LLC v. Stout St. Funding, LLC*, No. 2:12-CV-0182, 2013 WL 2951064, at *3–4 (N.D. Ga. June 14, 2013) (rejecting plaintiffs' argument that TILA applied because a limited liability company was an individual's alter ego, finding that "TILA's language exempting credit transactions to organizations is unambiguous").

The fact that Dixon, a natural person, was co-lessee on the lease at issue does not convert it into a consumer lease.[4] The CLA's text forecloses the possibility that a CLA claim can stand where one lessee is a natural person but a co-lessee is an organization. The CLA's substantive provisions contemplate the possibility that a consumer lease can have multiple lessees. *See, e.g.*, 15 U.S.C. § 1667a ("Each lessor shall give *a* lessee . . . a dated written statement . . . ." (emphasis added)). For the lease to be a consumer lease, however, all lessees must be natural persons. *See* 15 U.S.C. § 1667(2) (defining "lessee" as "a natural person who leases or is offered a consumer lease"). Moreover, a consumer lease expressly "does not include a lease . . . to an organization." 15 U.S.C. § 1667(1). Because this lease was made to an organization (DELF) as well as to a natural person (Dixon) it cannot be a consumer lease.

Dixon's remaining arguments criticize the district court's conclusion that the lease at issue was not a consumer lease because it was not for personal, family, or household purposes. Because the CLA does not apply to a lease that

---

[4] DELF and Dixon are listed separately as "lessee" and "co-lessee" on both the lease attached to the original complaint and the lease attached to TMCC's answer, which TMCC contends is the valid lease. The lease that TMCC contends is valid was signed by Dixon personally and by "DELF, Inc., by [Dixon]." The operative complaint itself alleges that "[p]laintiff and plaintiff's nonprofit entered into a closed-end automotive lease agreement" and that "[p]laintiff and plaintiff's nonprofit signed this agreement."

is made to an organization, we need not determine whether the complaint plausibly alleged that the lease was for personal use, rather than for agricultural, business, or commercial purposes. Dixon has failed to state a claim for relief under the CLA. We AFFIRM the judgment of the district court.