# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 26, 2021

Lyle W. Cayce
Clerk

No. 18-31159

Tarsia Williams; Breck Williams,

*Plaintiffs—Appellants*,

*versus*

Taylor Seidenbach, Incorporated,

*Defendant—Appellee*,

consolidated with

No. 18-31161

Tarsia Williams; Breck Williams,

*Plaintiffs—Appellants*,

*versus*

McCarty Corporation,

*Defendant—Appellee*.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:9-CV-65

Before Haynes, Graves, and Duncan, *Circuit Judges*.

Per Curiam:*

Tarsia and Breck Williams ("Plaintiffs"), claim their father was killed by asbestos products sold and installed by Defendants McCarty Corporation ("McCarty") and Taylor Seidenbach, Inc. ("TSI"). The district court granted Defendants summary judgment. We affirm.

**I**

Frank C. Williams worked as a mechanical engineer at the NASA Michoud Assembly Facility ("MAF") in New Orleans from around 1974 to 1993. *See Williams v. Taylor-Seidenbach, Inc.*, 748 F. App'x 584, 585 (5th Cir. 2018) (per curiam). The MAF comprises dozens of buildings across several hundred acres. Williams worked primarily in Building 350, but sometimes worked in and visited other MAF buildings. Deteriorating asbestos was present in Building 350, and asbestos remediation occurred in that building in the mid-1980's.

In 2008, Williams was diagnosed with mesothelioma. That same year he sued multiple defendants, including McCarty and TSI, in Louisiana state court, asserting various tort claims. The suit was removed to the federal district court for the Eastern District of Louisiana, and then transferred by a multidistrict litigation panel to the Eastern District of Pennsylvania. *See Williams*, 748 F. App'x at 585. Williams died in 2009 and his children, Tarsia and Breck, were substituted as plaintiffs. In 2014, the district court granted Defendants' motions for summary judgment. The court found no evidence Williams was exposed to respirable asbestos at the MAF. Even assuming he was, however, the court also found no evidence linking Williams' exposure

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-31159

to Defendants' products. The district court remanded the case back to the Eastern District of Louisiana. *Williams*, 748 F. App'x at 585. Plaintiffs appealed. *Id.* at 585–86.[1]

## II

We must first address the jurisdictional question of whether the case was properly removed to federal court. *See Golden v. N.J. Inst. of Tech.*, 934 F.3d 302, 309 (3d Cir. 2019). Lockheed Martin ("Lockheed"), Williams' employer, removed the case based on the "federal officer removal" provision of 28 U.S.C. § 1442(a)(1). *See generally Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 290–91 (5th Cir. 2020) (en banc). The transferee district court in Pennsylvania twice denied remand to state court. The Eastern District of Louisiana later denied a third motion to remand. Plaintiffs argue that removal was improper and that the district court therefore lacked jurisdiction. We disagree.

The federal officer removal statute provides in relevant part that a "civil action . . . commenced in a State court" against "any officer (or any person acting under that officer) of the United States" may be removed to federal court under certain circumstances. 28 U.S.C. § 1442(a)(1). Removal is proper if:

---

[1] Panels of our court previously ruled they lacked appellate jurisdiction because Plaintiffs' without-prejudice dismissal of certain defendants meant there was no final appealable judgment as to the remaining defendants. *See Williams*, 748 F. App'x at 587–88; *see also Williams v. Taylor-Seidenbach, Inc.*, 935 F.3d 358, 360 (5th Cir. 2019) (holding Rule 54(b) judgment did not cure lack of appellate jurisdiction), *vacated on en banc reh'g*, 941 F.3d 1183 (5th Cir. 2019). Our *en banc* court has since ruled, however, that a subsequent Rule 54(b) judgment did create an appealable final judgment as to the remaining defendants. *See Williams v. Taylor-Seidenbach, Inc.*, 958 F.3d 341, 349 (5th Cir. 2020) (en banc). We therefore have appellate jurisdiction.

No. 18-31159

 (1) the defendant is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" the United States, its agencies, or its officers; (3) the plaintiff's claims against the defendant are "for, or relating to" an act under color of federal office; and (4) the defendant raises a colorable federal defense to the plaintiff's claims.

*Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016) (cleaned up); *accord Latiolais*, 951 F.3d at 296.[2] The parties dispute only the third and fourth factors.

As to the third factor, it is "sufficient for there to be a connection or association between the act in question and the federal office." *Papp*, 842 F.3d at 813; *Latiolais*, 951 F.3d at 296. Here, this requirement is satisfied because the record shows that part of Plaintiffs' case concerned alleged asbestos exposure from Williams' work on "rockets" produced by Lockheed for NASA. Just before Lockheed removed the case, Williams testified that his work for Lockheed had involved "firing [rockets] up," that these rockets contained asbestos, and that they had been built for NASA. Lockheed also produced an affidavit attesting that its only product built at MAF for NASA was the Space Shuttle External Tank (ET) and detailing NASA's oversight

---

[2] The transferee district court applied the precedents of its own circuit, the Third, on this question of federal law. *See United States ex rel. Hocket v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 40 (D.D.C. 2007) ("As a general rule, questions of federal law in MDL-transferred cases are governed by the law of the transferee circuit."); *In re Korean Air Lines Disaster of Sept. 1, 1983*, 829 F.2d 1171, 1175–76 (D.C. Cir. 1987). After our *en banc* decision in *Latiolais*, our circuit's test for federal-officer removal and that of the Third Circuit coincide. *See Latiolais*, 951 F.3d at 292 (citing *In re Commonwealth's Mot. to Appoint Counsel Against or Directed to Defender Ass'n of Phila.*, 790 F.3d 457, 470–71 (3d Cir. 2015)).

of the project. That showed the required "connection or association between the acts complained of by [Plaintiffs] and the federal government." *Id.*[3]

The fourth factor is satisfied because Lockheed adequately pled a colorable government contractor defense. *See generally Boyle v. United Techs. Corp.*, 487 U.S. 500 (1988). While Plaintiffs argue that Lockheed failed to plead the defense's requirement that "the United States approved reasonably precise specifications," *id.* at 512, Lockheed has supported this element with an affidavit attesting to NASA's detailed specifications for its fuel tanks. Plaintiffs argue that Lockheed would have to show the government specified that Lockheed use asbestos in the relevant products, and that Lockheed did so, but Plaintiffs construe this element of the defense too narrowly. *See Papp*, 842 F.3d at 814–815.[4] The case was therefore properly removed under 28 U.S.C. § 1442(a)(1).

Federal jurisdiction over Plaintiffs' claims against McCarty and TSI is supplemental to this federal-officer jurisdiction. *See* 28 U.S.C. § 1367. "[R]emoval of the entire case is appropriate so long as a single claim satisfies the federal officer removal statute." *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 463 (5th Cir. 2016), *overruled on other grounds by Latiolais*, 951 F.3d at 291. Plaintiffs' claims against the various defendants form a single controversy: a claim for damages from Williams' death from mesothelioma, allegedly caused by asbestos exposure on the job. Furthermore, because Plaintiffs argue that no federal contractor work is at issue in this suit any

---

[3] Plaintiffs no longer make such a claim, but "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Intern. Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007); *see also Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119, 123 (3d Cir. 1979).

[4] Lockheed has also asserted a colorable defense of derivative sovereign immunity, which we find unnecessary to address here.

No. 18-31159

longer, we review a district court's determination to retain supplemental jurisdiction for abuse of discretion, looking to "considerations of judicial economy, convenience and fairness to litigants." *Estate of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 286 (3d Cir. 2017). Plaintiffs do not specifically claim, and we do not find, any abuse of discretion in the district court's decision. We thus proceed to the merits.

## III

We review a summary judgment *de novo. Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 682 (5th Cir. 2020). Summary judgment is proper if the movant shows he is entitled to judgment as a matter of law because there is no genuine dispute of material fact. FED. R. CIV. P. 56(a). Such a dispute "exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Salinas*, 952 F.3d at 682 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). We may "affirm summary judgment on any grounds supported by the record and presented to the district court." *Id.* (citation omitted).

## IV

Plaintiffs argue the district court erred in granting summary judgment because a reasonable jury could conclude that Williams was exposed to asbestos products installed and supplied by McCarty and TSI. We first set out the causation standard required by Louisiana law. We then consider the evidence as to McCarty and TSI. Agreeing with the district court, we conclude that no evidence raises a genuine dispute that either Defendant's products substantially contributed to Williams' injury.[5]

---

[5] Because we affirm on that basis, we need not consider the district court's alternative conclusion that Williams was not exposed to respirable asbestos at the MAF.

No. 18-31159

## A

Under Louisiana law, a plaintiff claiming asbestos-related injury must prove "significant exposure to the product complained of to the extent that it was a substantial factor in bringing about his injury." *Rando v. Anco Insulations Inc.*, 2008-1163, p. 35 (La. 9/4/09); 16 So. 3d 1065, 1091. Louisiana courts have applied this test to require evidence linking a plaintiff's injury to a defendant's asbestos-containing product.[6] So, to defeat summary judgment, Plaintiffs must point to evidence creating a genuine dispute whether Williams was exposed to a product connected to either Defendant. Proof is sufficient "if defendants' products are *likely* to be present at a specific location within the workplace," because "plaintiffs are likely to have been exposed to the products if they worked near those specific locations, even without explicit testimony that the plaintiff worked near the specific product." *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 172 (5th Cir. 1991) (applying similar Texas law). For example, Plaintiffs might show "[D]efendants' products were . . . installed randomly and evenly all over" the MAF campus. *Id.* at 171. Even a photograph of products at the specific worksite at the relevant time might do. *Egan v. Kaiser Aluminum & Chem. Corp.*, 94-1939, p. 9 (La. App. 4 Cir. 5/22/96); 677 So. 2d 1027, 1034. But

---

[6] *See, e.g., Vodanovich v. A.P. Green Indus., Inc.*, 2003-1079, p. 3 (La. App. 4 Cir. 3/3/04); 869 So. 2d 930, 932–33 (requiring plaintiff to "show . . . that he was exposed to asbestos from the defendant's products); *Lucas v. Hopeman Bros., Inc.*, 2010-1037, p. 19 (La. App. 4 Cir. 2/16/11); 60 So. 3d 690, 702 (requiring evidence "specifically plac[ing] [the plaintiff] around asbestos fibers emanating from a product [Defendant] Reilly Benton sold and/or supplied to Avondale"); *Thibodeaux v. Asbestos Corp.*, 2007-0617, p. 13 (La. App. 4 Cir. 2/20/08); 976 So. 2d 859, 867 (evidence failed to show decedent "was actually exposed to asbestos-containing products from Eagle while she was at Charity Hospital"); *Grant v. Am. Sugar Ref., Inc.*, 2006-1180, p. 5 (La. App. 4 Cir. 1/31/07); 952 So. 2d 746, 749 (noting "that in asbestos cases there is a need to show that the plaintiff was exposed to the defendant's asbestos product").

No. 18-31159

some evidence must connect Defendants to asbestos where Williams was exposed. Otherwise, summary judgment was proper.

Plaintiffs may rely on direct or circumstantial evidence. *Rando*, 16 So. 3d at 1089. Circumstantial evidence "must exclude every other reasonable hypothesis with a fair amount of certainty," but need not "negate all other possible causes." *Id.* (cleaned up). Moreover, "a plaintiff's burden of proof against multiple defendants in a long-latency case, such as a tort claim for mesothelioma, is not relaxed or reduced because of the degree of difficulty that might ensue in proving the contribution of each defendant's product to the plaintiff's injury." *Id.* at 1091.

With these principles in mind, we ask whether the evidence raised a genuine dispute that either Defendant's products were a substantial factor in bringing about Williams' injury.

**B**

First, we consider McCarty. The district court concluded that, assuming Williams was exposed to asbestos during the 80's-era remediation in Building 350, "there is no evidence that any asbestos was manufactured, sold, or supplied (i.e., installed) by [McCarty]." Plaintiffs dispute this, pointing to evidence which, they claim, suggests McCarty's products were present where Williams worked, especially in Building 350. We disagree.

Plaintiffs' main evidence is this late-1960's[7] advertising brochure from McCarty:

---

[7] In district court, Plaintiffs asserted the brochure dated to 1968 or 1969, because it described as "newly completed" the New Orleans International Trade Mart, finished in 1968. Defendants do not dispute this.



The brochure lists over thirty "commercial insulation" projects "for which The McCarty Corporation was the thermal insulation contractor." One project was "NASA Michoud Operation, New Orleans." The next page notes McCarty "is fully equipped for spray insulation," although it does not specify which listed projects, if any, involved spray insulation. According to Plaintiffs, this brochure, by identifying McCarty as MAF's "thermal insulation contractor," sufficiently ties McCarty to Williams' exposure.

We disagree. The brochure does not reveal enough about McCarty's work at the MAF to create a genuine fact dispute. It establishes only that McCarty supplied MAF with insulation, in some form, in the years leading

up to 1968, but that leaves a critical evidentiary gap unfilled. The brochure does not show that McCarty supplied insulation in Building 350 (where Williams generally worked) or 351 (where he often ate lunch) or in any other building Williams may have visited.[8] Nor does it suggest that McCarty products could be found "randomly and evenly all over" the MAF. *Slaughter*, 949 F.2d at 171. Consequently, far from "exclud[ing] every other reasonable hypothesis with a fair amount of certainty," *Rando*, 16 So.3d at 1089, the brochure leaves a key point untouched. No reasonable jury could conclude merely from the brochure that McCarty supplied asbestos products to Building 350 or any other building Williams regularly visited.

No other evidence brings Plaintiffs any closer to meeting their burden. For instance, Plaintiffs reference two building surveys from 1984 and 1997 showing that asbestos materials were discovered in Building 350 and elsewhere at MAF, but those documents do not link the materials to McCarty. Similarly, deposition testimony by Williams and his former co-worker George Stemley, also refers to asbestos in Building 350 but says nothing about its origin.[9]

Plaintiffs' reply brief refers in passing to other evidence they say implicates McCarty. Even assuming these arguments are not waived, *Dixon*

---

[8] In opposing summary judgment, Plaintiffs argued that Building 350 was itself the "Operations" building at MAF, and that the McCarty brochure therefore refers to this building specifically, not to MAF generally. On appeal, Plaintiffs do not make this argument and have therefore waived it. *Sindhi v. Raina*, 905 F.3d 327, 334 (5th Cir. 2018). Moreover, in the district court, they cited no evidence suggesting "Michoud Operations" referred specifically to Building 350.

[9] Plaintiffs suggest that the district court's order "recognized" McCarty installed its products in Building 350, but that is inaccurate. The quoted passage appears to be the court's summary of Plaintiffs' own arguments. The court went on to clarify that "there is *no evidence* that any asbestos [to which Williams may have been exposed] was manufactured, sold, or supplied (i.e., installed) by [McCarty]." (emphasis added).

*v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015), none of this evidence helps Plaintiffs. For instance, Plaintiffs mention expert Frank Parker, whose affidavit asserted that both McCarty and TSI were responsible for Williams's exposure. But that affidavit was based, not on evidence of Defendants' activities, but only on Parker's "knowledge of the insulation sellers and installers and workers of various companies who regularly did insulation work in the New Orleans metropolitan area." Moreover, at an earlier deposition, Parker testified he had seen no evidence that McCarty supplied asbestos products to Williams's worksite.[10] Plaintiffs also reference documents produced about McCarty's MAF work circa 1964, but those do not specify where the work occurred or what materials were used. The same is true for M.R. McCarty's deposition, taken in 1980, which does not even mention any work done by the company at MAF.

In sum, Plaintiffs have failed to identify any record evidence creating a genuine dispute that McCarty's products substantially contributed to Williams' injury. We therefore affirm the summary judgment on that basis.

## C

Second, we consider TSI. As Defendants correctly point out, Plaintiffs fail to identify any evidence suggesting that TSI was connected to asbestos that harmed Williams. "Mere assertion" of TSI's connection to Williams' injury "is insufficient to survive summary judgment." *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 674 (5th Cir. 2015).

Plaintiffs again rely on the 1980 deposition of M.R. McCarty, who testified that McCarty sometimes used TSI products when supply from

---

[10] The district court did not consider Parker's affidavit as evidence of a connection to McCarty, likely because it contradicted Parker's prior statements. *See Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019).

No. 18-31159

Johns-Manville, its principle source, ran out. But even assuming McCarty's products could be placed at Williams' worksite (and, as explained, the evidence fails to support that), Plaintiffs would still have to show a triable issue as to whether McCarty used TSI's products there. The deposition testimony fails to do so.

\*\*\*

The judgment of the district court is AFFIRMED.