# United States Court of Appeals for the Fifth Circuit

———————

No. 23-10267
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 16, 2023

Lyle W. Cayce
Clerk

Mirna Guzman,

*Plaintiff—Appellant*,

*versus*

Allstate Assurance Company,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-187

———————————————————

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant, Mirna Guzman, appeals the district court's judgment following a bench trial in favor of Defendant-Appellants Allstate Assurance Company ("Allstate"). We AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10267

## I.

Mirna Guzman filed suit against Allstate concerning a life insurance policy issued to her husband, Saul Guzman.  In Mr. Guzman's August 17, 2017 life insurance application, he disclosed a history of seizures, but represented that he did not currently use, nor had ever used, tobacco or nicotine products.  Based on Mr. Guzman's application and Allstate's pre-issuance investigation,[1] Allstate issued Mr. Guzman a $250,000 policy at a "Standard No Tobacco" annual premium rate.

Mr. Guzman died on January 29, 2019, after he suffered a seizure.  As the primary beneficiary of the policy, Mirna made a formal claim with Allstate for the policy's proceeds.  In response, Allstate conducted a routine contestable-claims investigation during which it obtained additional copies of Mr. Guzman's medical records.  In the additional medical records, Allstate discovered that Mr. Guzman had reported to medical providers that he was a current smoker or in one case that he was a former smoker.[2]  After reviewing the results of the contestable-claims investigation, Allstate's chief underwriter issued two reports concluding that if Mr. Guzman had disclosed his

---

[1] As part of its pre-issuance investigation, Allstate issued Mr. Guzman a urine test, which was negative for the presence of nicotine.  Mr. Guzman also represented to the medical examiner who took his urine sample that he had "[n]ever" used "any form of tobacco or nicotine."  Finally, Allstate reviewed some of Mr. Guzman's medical records from Faith Medical Clinic which stated that as of July 25, 2015, Mr. Guzman had never smoked.

[2] These additional records include the following: (1) Mr. Guzman's medical records from Baptist St. Anthony Health System reflect that he was a "smoker" as of April 17, 2016.  (2) Mr. Guzman's records from his June 29, 2016 visit to Texas Neurology state that he is a smoker who smokes "some days, but not every day."  (3) Mr. Guzman's Faith Medical Clinic records from an April 24, 2017 visit state that he is a former smoker, but his records from two subsequent visits on May 31 and July 1, 2017 to the same clinic both reflect Mr. Guzman was an every day smoker.

No. 23-10267

smoking history, Allstate would not have issued him the same policy. On this basis, Allstate informed Mirna that it had elected to rescind the policy.

Mirna sued Allstate in state court for breach of contract, violation of the Texas Deceptive Trade Practice-Consumer Protection Act, and for violation of § 542.003 of the Texas Insurance Code. Allstate timely removed the case to federal court under diversity jurisdiction and filed a counterclaim for declaratory judgment that Mr. Guzman's policy was properly rescinded due to material misrepresentations made by Mr. Guzman in the application.

This case is before us for the second time. In the first appeal, Mirna challenged the district court's order granting summary judgment to Allstate on its counterclaim. This Court reversed that judgment on the grounds that there was an issue of fact about whether Mr. Guzman was a smoker when he applied for life insurance.[3] On remand, the case was tried by consent before a magistrate judge. Following a two-day bench trial, the district court issued its findings of fact and conclusions of law, holding that Allstate satisfied all the elements for recission on the grounds of misrepresentation and was therefore entitled to rescind Mr. Guzman's policy under § 705.051 of the Texas Insurance Code.[4]

On appeal for the second time, Mirna raises two arguments: (1) the district court committed clear error in finding that Allstate satisfied the intent to deceive element of its claim for rescission; and (2) the court abused its

---

[3] *Guzman v. Allstate Ins. Co.*, 18 F.4th 157, 162 (5th Cir. 2021).

[4] "Under our precedent, an insurer cannot avoid contractual liability based on a misrepresentation in an application for any type of insurance without pleading and proving: (1) the making of the representation; (2) falsity of the representation; (3) reliance by the insurer; (4) intent to deceive on the part of the insured in making the same; and (5) the materiality of the misrepresentation." *Am. Nat'l Ins. Co. v. Arce*, No. 21-843, 2023 WL 3134718, *5 (Tex. Apr. 28, 2023). The fourth element—intent to deceive—is the only element at issue in this appeal.

discretion in admitting the testimony of Allstate's former chief underwriter. We address each in turn.

## II.

Mirna first argues that the trial court made a clearly erroneous factual finding that Mr. Guzman acted with intent to deceive Allstate. "The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed *de novo*."[5] A trial court's finding of fact is clear error if it is "implausible in the light of the record considered as a whole."[6]

The district court, following trial, held that Mr. Guzman intentionally misrepresented his status as a smoker based on the following evidence presented at trial: (1) "Mr. Guzman had a history of smoking" which he misrepresented in his application; (2) he "knew his status as a smoker would amount to an increase of the policy premiums;" and (3) medical records show that he also minimized the extent of his epilepsy in his application.

Mirna does not dispute that the above evidence supports an inference that Mr. Guzman intentionally deceived Allstate, but instead she contends that "[o]ther evidence in the record negates an intent to deceive." However, "the great deference owed to the trial judge's findings compels the conclusion that '[w]here there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.'"[7]

---

[5] *Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015) (internal quotation marks and citation omitted).

[6] *Brumfield v. Cain*, 808 F.3d 1041, 1057 (5th Cir. 2015) (internal quotation marks and citation omitted).

[7] *Guzman*, 808 F.3d at 1036 (quoting *In re Luhr Bros., Inc.*, 157 F.3d 333, 338 (5th Cir. 1998)).

Accordingly, because the trial court's finding on the intent to deceive prong of Allstate's counterclaim is not implausible in light of the evidence in the record, we find no clear error.

Second, Mirna asserts that the district court abused its discretion by allowing Allstate's chief underwriter to testify about the threshold sensitivity of the urine test for nicotine given to Mr. Guzman on the grounds that such testimony was expert in nature and failed to meet the requirements of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[8]   Allstate argues that the underwriter's testimony was based on her personal knowledge and therefore was not expert testimony and that even if it was expert testimony improperly admitted, any resulting error was harmless.

We review the district court's determination of admissibility of expert evidence for abuse of discretion.[9]  If we find an abuse of discretion, "we next review the error under the harmless error doctrine, affirming the judgment, unless the ruling affected substantial rights of the complaining party."[10] "The party asserting the error has the burden of proving that the error was prejudicial."[11]

We need not decide whether the court erred in admitting the testimony from Allstate's underwriter because Mirna has failed to carry her burden of proving that the court's error was prejudicial.  Mirna's opening brief states that the district court "expressly relied on [the underwriter's

---

[8] 509 U.S. 579 (1993).

[9] *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003) (citing *Moore v. Ashland Chem., Inc.*, 151 F.3d 269, 274 (5th Cir. 1998)).

[10] *Id.* (citing *Great Plains Equip., Inc. v. Koch Gathering Sys., Inc.*, 45 F.3d 962, 967 (5th Cir. 1995)).

[11] *Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (citation omitted).

testimony] in its ruling," and that such reliance was an abuse of discretion, but fails explain how her substantial rights were affected by the testimony.[12]

The district court cited to the underwriter's testimony about the sensitivity of the urine test as part of its analysis as to whether Mr. Guzman misrepresented his smoking history in his application. However, as discussed above, there was evidence in the record aside from the underwriter's testimony to support the district court's finding as to the falsity of Mr. Guzman's representations. In light of all the evidence presented, and given that Mirna has made no showing as to how the testimony affected her substantial rights, we affirm the district court's evidentiary ruling.[13]

## III.

Accordingly, for the above reasons and those set forth by in the magistrate judge's findings of fact and conclusions of law, we AFFIRM.

---

[12] For the first time in her reply brief, Mirna conclusively argues that the admission of the underwriter's testimony was not harmless because the urine test "supports a no-smoker status for Saul, which is admittedly controverted in the medical records," and "fatally undercuts an inference that Saul intended to deceive Allstate regarding his smoker status." Mirna has waived this argument by raising it for the first time in her reply brief on appeal. *See Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015). Regardless, Mirna's argument misses the mark by failing to explain how the admission of the underwriter's testimony "was likely to affect the outcome of the trial, in light of all the evidence presented." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns, Inc.*, 761 F.3d 409, 431 (5th Cir. 2014) (citing *United States v. Limones*, 8 F.3d 1004, 1008 (5th Cir. 1993)).

[13] *See Novick v. Shipcom Wireless, Inc.*, 946 F.3d 735, 741 (5th Cir. 2020) ("An error does not affect substantial rights if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict." (citation omitted)).