# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 14, 2024

Lyle W. Cayce
Clerk

———————————

No. 23-50889

———————————

Rex Real Estate I, L.P.,

*Plaintiff—Appellee*,

*versus*

Rex Real Estate Exchange, Incorporated,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-696

———————————————————————

Before Higginbotham, Stewart, and Haynes, *Circuit Judges*.
Per Curiam:[*]

In this action brought by Rex Real Estate I ("Rex I") against Rex Real Estate Exchange ("Rex Exchange"), Rex I filed a motion before the district court under Federal Rule of Civil Procedure 41(a)(2) to voluntarily dismiss all claims without prejudice. The district court issued an order granting Rex I's motion, and Rex Exchange now appeals that order. Because we

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50889

conclude that Rex Exchange has forfeited any argument that this court has jurisdiction to hear its appeal, we DISMISS its appeal.

## I. Factual & Procedural Background

Rex I is a real estate company that specializes in commercial and investment properties. It brokers real estate transactions in Texas, with clients throughout the United States and other countries. It has used three registered trademarks throughout its existence: "REX," "REX Real Estate," and a logo showing a crown alongside the words "REX Real Estate."[1]

Before it ceased operations in May 2022, Rex Exchange offered an online platform for real estate sales of single-family homes. It used artificial intelligence and other data-based technology to match prospective buyers with properties. The company originated in California, but later moved its headquarters to Texas, where it had first expanded operations prior to March 2018.

In May 2018, Rex I filed suit against Rex Exchange in the Eastern District of Texas alleging trademark infringement in violation of the Lanham Act. *Rex Real Estate I, L.P. v. Rex Real Estate, Inc.*, 80 F.4th 607, 614 (5th Cir. 2023); 15 U.S.C. §§ 1114(1), 1125(a).[2] The following year, the district court

---

[1] Rex I has used "REX" since December 31, 1987, and registered that name with the United States Patent and Trademark Office in June 2018. It has used "REX Real Estate" since January 1, 1987, and registered that name in June 2018. It has used the crown logo since December 31, 1990, and registered that logo in January 2015. *Rex Real Estate I, L.P. v. Rex Real Estate, Inc.*, 80 F.4th 607, 614 (5th Cir. 2023).

[2] Anticipating that Rex I would file suit, Rex Exchange first filed a separate suit earlier that month in the Central District of California. In that earlier suit, Rex Exchange sought a declaratory judgment that it was not infringing on Rex I's trademarks. The district court, however, dismissed the suit for lack of personal jurisdiction. *See Rex Real Estate Exch. v. Rex Real Estate*, 2018 WL 8335386, at *18 (C.D. Cal. Sept. 20, 2018).

transferred the case to the Western District of Texas. The case then progressed to trial in April 2022. After Rex I rested its case-in-chief, Rex Exchange moved for judgment as a matter of law. The district court granted its motion, entering judgment in favor of Rex Exchange.

Rex I then appealed that judgment to this court. We affirmed the district court's ruling on Rex I's trademark claims that arose after those marks were federally registered, but reversed and remanded for a new trial on Rex I's claims that arose before federal registration. *Rex Real Estate*, 80 F.4th at 628.

While Rex I's appeal was pending before this court, Rex Exchange closed its doors and laid off all its employees. Accordingly, seven days after we remanded the case to the district court, Rex I moved to voluntarily dismiss its remaining claims without prejudice under Rule 41(a)(2). According to Rex I, it believed that because Rex Exchange was going out of business, it would neither continue to infringe on Rex I's marks, nor be able to satisfy any money judgment for past infringement. Rex Exchange opposed Rex I's motion for voluntary dismissal, asserting that it would only agree to the dismissal if Rex I paid its attorneys' fees, which Rex I refused to do. The district court granted Rex I's motion, declining to award Rex Exchange attorneys' fees as a condition of dismissal.[3]

Rex Exchange then appealed the district court's order. In a briefing notice to the parties, this court directed the parties to brief the following:

---

[3] Alongside its order granting voluntary dismissal without prejudice, the district court issued a final judgment, which noted that its "previous order granting [Rex Exchange] judgment as a matter of law . . . is still valid as to many of the claims in this case" and that its voluntary dismissal order "dismissed the remaining [claims] in this case that were revived on appeal, making final judgment appropriate once again.".

This court has jurisdiction over appeals from final decisions of the district courts. Orders dismissing fewer than all claims or defendants are final only if the district court has made an express determination that there is no just reason for delay and an express direction for the entry of judgment. Dismissal without prejudice of remaining claims or parties does not render the case final. *See* Fed. R. Civ. P. 54(b); [] *Williams v. Seidenbach*, 958 F.3d 341 (5th Cir 2020) (en banc). The court requests the parties [to] brief whether this is a final, appealable case.

Nearly seven weeks later, Rex Exchange filed its opening brief. In that brief, Rex Exchange only mentions finality in its jurisdictional statement, which states that "[t]his Court has jurisdiction over this appeal pursuant to 29 [*sic*] U.S.C. Section 1291 because the judgement [*sic*] below is the final judgement [*sic*] of the United States District Court." In its opposing brief, Rex I argues that Rex Exchange "has forfeited any argument that the district court's decision is final or that this court has jurisdiction to review it."[4] In its reply brief, Rex Exchange counters that we do have jurisdiction to hear its appeal. It does not, however, discuss Rex I's claim that it had already forfeited that argument by not raising it in its opening brief.

## II. Discussion

"Arguments in favor of jurisdiction can be forfeited." *Ctr. for Biological Diversity v. U.S. Env't Prot. Agency*, 937 F.4th 533, 542 & n.4 (5th Cir. 2019) (cleaned up); *Matter of Gilani*, 2024 WL 340822, at *3 & n.11 (5th Cir. Jan. 30, 2024) (unpublished) (quoting the same to determine that the appellant had forfeited his jurisdictional argument concerning the finality of a judgment). Although "[t]his court has a continuing obligation to assure

---

[4] Rex I also argues that the district court's dismissal of this case without prejudice did not make the case final such that we have jurisdiction to hear Rex Exchange's appeal.

itself of its own jurisdiction," that only means that parties cannot forfeit arguments *against* jurisdiction. *United States v. Pedroza-Rocha*, 933 F.3d 490, 493 (5th Cir. 2019). "But the opposite is not true." *Abraugh v. Altimus*, 26 F.4th 298, 305 (5th Cir. 2022). Accordingly, we need not "accept subject matter jurisdiction based on [a] theor[y]" that has been forfeited. *See id.*

### A.    *Rex Exchange Inadequately Briefed Its Jurisdictional Argument*

To preserve arguments from forfeiture, a party must include those "contentions" in its opening brief "and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A); *see United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001) ("Failure to satisfy the requirements of Rule 28 as to a particular issue ordinarily constitutes abandonment of the issue."). It is insufficient merely to begin the brief with a conclusory assertion and "fail[] . . . to make any argument whatsoever to support this contention." *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (emphasis removed); *see also United States v. Bennett*, 874 F.3d 236, 243 n.9 (5th Cir. 2017) (holding that a "conclusory assertion" constituted "inadequate briefing" to preserve an argument for review). Further, "[a]rguments raised for the first time in a reply brief" are also forfeited. *Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015).

Here, as Rex I points out, Rex Exchange only mentions jurisdiction or finality in a "conclusory" sentence in its jurisdictional statement. Although "[w]e liberally construe briefs in determining issues presented for review," *SEC v. Recile*, 10 F.3d 1093, 1096–97 (5th Cir. 1993), we do not see how any other part of Rex Exchange's 55-page brief even plausibly addresses whether the district court issued a final order when it granted Rex I's Rule 41(a)(2) motion, *see id.* at 1096 ("[I]ssues not raised at all are [forfeited]."). And although Rex Exchange presents arguments regarding jurisdiction and

No. 23-50889

finality in its reply brief, those arguments are too late. *See Dixon*, 794 F.3d at 508. Rex Exchange has therefore failed to adequately brief its jurisdictional argument to preserve it for our review. *See Miranda*, 248 F.3d at 443.

> B.    *This Case Does Not Merit Disregarding Usual Procedural Rules to Consider Rex Exchange's Jurisdictional Argument*

When we determine that a party has not adequately preserved an argument for our review, we retain the discretion to overlook that deficiency and nonetheless consider the argument. *Miranda*, 248 U.S. at 444 (noting that a determination as to whether a party has abandoned an argument is "a prudential construct . . . that requires the exercise of discretion").[5] In the jurisdictional context, we pay particular attention to whether a party still includes "a cursory discussion" so that we can "assume they had a good-faith (though mistaken) belief that" the jurisdictional issue "would be both undisputed and easy to resolve." *Ctr. for Biological Diversity*, 937 F.4th at 542 n.4.

Here, we cannot give Rex Exchange the benefit of that doubt. *See id.* Unlike in *Center for Biological Diversity*, we explicitly "direct[ed]" Rex

---

[5] In our exercise of this discretion, forfeiture is distinguished from waiver. "Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (internal quotation marks omitted); *see also Farber v. Crestwood Midstream Ptrs. L.P.*, 863 F.3d 410, 417 (5th Cir. 2017) ("[T]he issue of waiver essentially turns on whether waiver was made knowingly and voluntarily." (internal quotation marks omitted)). Unlike in cases of forfeiture, we do not retain discretion to overlook an effective waiver. *See id.* at 732–33. Our precedent, however, sometimes uses these terms interchangeably. *McGee v. Estelle*, 722 F. 2d 1206, 1213 n.21 (1984) (en banc); *see, e.g.*, *Miranda*, 248 F.3d at 443 (referring to the "exercise of discretion" regarding whether to consider issues that the parties did not adequately brief as "the issues-not-briefed-are-*waived* rule." (emphasis added)). Nonetheless, there is no evidence in this case's appellate record that Rex Exchange "knowingly and voluntarily" waived its argument that this is a final, appealable case. *See Farber*, 863 F.3d at 417. Accordingly, by not raising the issue in its appellate briefing, Rex Exchange merely forfeited the argument.

No. 23-50889

Exchange and Rex I to "brief whether this is a final, appealable case." *See id.* Rex Exchange failed to follow our explicit instruction. It therefore could not have had the reasonable expectation that jurisdiction would be "undisputed" or "easy to resolve." *See id.* Additionally, Rex Exchange made no effort in its reply brief to refute Rex I's argument that it had forfeited its jurisdictional argument. *See id.* (considering the party's level of "treatment of the argument in [its] reply brief" as relevant to determining whether to overlook a briefing deficiency in the opening brief). We therefore decline to consider Rex Exchange's argument that we have appellate jurisdiction in this case.

In sum, we conclude that Rex Exchange has forfeited its argument that the district court's dismissal without prejudice is a final order because (1) it did not adequately discuss the issue in its opening brief, and (2) the circumstances surrounding that deficiency do not lead us to exercise our discretion to overlook it. Accordingly, we hold that we do not have jurisdiction under 28 U.S.C. § 1291 to hear Rex Exchange's appeal.[6]

### III. Conclusion

For the foregoing reasons, Rex Exchange's appeal is DISMISSED.

---

[6] Our holding is not to be construed as commenting on the substantive strength of Rex Exchange's position that we may assert jurisdiction over this case as a final action. *See Williams*, 958 F.3d at 346 ("Of course, once the district court has decided all claims against all parties, that decision is plainly final."); *id.* at 348 n.2 ("Of course, if a plaintiff voluntarily dismisses an entire case under Rule 41(a), then the case is over and there is nothing left pending in the district court."). As mentioned, the district court issued a separate "final judgment," in which it stated that it "dismissed the remaining [claims] in this case that were revived on appeal, making final judgment appropriate once again." Nevertheless, given our holding that Rex Exchange forfeited its argument that we have jurisdiction to hear its appeal, we pretermit further discussion of the issue.

7