# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2025

Lyle W. Cayce
Clerk

———————

No. 23-50858

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FEDERICO JOSE MALDONADO-ALEMAN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:18-CR-1935-6

———————————————————————

Before DENNIS, OLDHAM, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

The district court sentenced Federico Jose Maldonado-Aleman to 324 months in prison after he pleaded guilty to conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine. On appeal, he argues that the district court erred in calculating his Sentencing Guidelines range by including the drug quantity from two seizures as relevant conduct. For the reasons that follow, we AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50858

I

We review the district court's application of the Guidelines de novo and its factual findings for clear error because Maldonado-Aleman preserved his objection. *United States v. Barfield*, 941 F.3d 757, 761 (5th Cir. 2019).

II

A district court considers the quantity of drugs involved to calculate the base offense level for a drug conspiracy under 21 U.S.C. § 846. *See* U.S.S.G. § 2D1.1. Maldonado-Aleman's presentence investigation report—and, by adoption, the district court—attributed to him 163,045.34 kilograms of converted drug weight. He challenges roughly 140,000 kilograms of that total, stemming from two seizures in December 2016 and July 2017, which he claims were orchestrated by William Briones-Gomez, an individual allegedly operating outside the charged conspiracy.

To attribute this quantity to Maldonado-Aleman as relevant conduct, the district court had to find that the conduct (1) was within the scope of a jointly undertaken criminal activity; (2) furthered that activity; and (3) was reasonably foreseeable to him. *See* U.S.S.G. § 1B1.3(a)(1)(B); *id.* cmt. n.3(B); *United States v. Evbuomwan*, 992 F.2d 70, 74 (5th Cir. 1993); *United States v. Smith*, 13 F.3d 860, 864–65 (5th Cir. 1994). The court may make these findings implicitly—as it did here by adopting the PSR and its addendum. *United States v. Carreon*, 11 F.3d 1225, 1231 (5th Cir. 1994).

Maldonado-Aleman contends that the district court's attribution rested solely on a "single sentence in the presentence report that [he] was an associate of Briones-Gomez," which he argues is insufficient because the rest of the record allegedly ties him only to drug activity in Midland, not San Antonio. But that misstates the basis for the district court's finding.

2

No. 23-50858

The PSR stated that Maldonado-Aleman and his sister "were identified as associates and employees of Briones-Gomez." The PSR's addendum went further: "Investigative documents indicate Briones-Gomez and the defendant were associates of the drug trafficking organization, and the individual apprehended on December 23, 2016 had been hired by Briones-Gomez for that smuggling venture." It also noted that, during a rearraignment hearing, one of Maldonado-Aleman's co-conspirators agreed that the December 23 seizure was part of the conspiracy, which spanned from approximately December 1, 2016, to September 19, 2018. As for the July 2017 seizure, the addendum stated that "investigative documents indicate . . . [that] the individual apprehended [then] had been hired by Briones-Gomez for th[e] smuggling venture" involving Briones-Gomez and Maldonado-Aleman.

Maldonado-Aleman's entire argument rests on the premise that the district court relied on a single, conclusory statement to support its relevant-conduct finding. That premise is incorrect. Because that foundation collapses, so does his challenge. Any alternative theory—such as a broader attack on the evidentiary sufficiency of the PSR addendum—is forfeited for lack of briefing. *Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021); *Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015) ("Arguments raised for the first time in a reply brief are waived.").

We AFFIRM the district court's judgment.