# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2021

Lyle W. Cayce
Clerk

No. 20-10663

Midwestern Cattle Marketing, L.L.C.,

*Plaintiff–Appellant*,

*versus*

Legend Bank, N.A.,

*Defendant–Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CV-375

Before Smith and Ho, *Circuit Judges*, and Barker, *District Judge*.*

J. Campbell Barker, *District Judge*.

This case returns to us after our decision affirming in part and reversing and remanding in part. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 F. App'x 239, 251 (5th Cir. 2020). We assume familiarity with the description of the case there. *Id.* at 241–44. On remand, the district court conducted further proceedings and entered summary judgment against Midwestern. Midwestern now appeals, asserting two errors. We affirm.

---

* U.S. District Judge for the Eastern District of Texas, sitting by designation.

No. 20-10663

A summary judgment is reviewed de novo, *Petro Harvester Operating Co. v. Keith*, 954 F.3d 686, 691 (5th Cir. 2020), while a district court's invocation of equitable defenses, like unclean hands, is reviewed for abuse of discretion, *Midwestern Cattle Mktg.*, 800 F. App'x at 245. *See also In re Coastal Plains, Inc.*, 179 F.3d 197, 205 (5th Cir. 1999) (recognizing the abuse-of-discretion standard of review for other equitable doctrines).

**1.** Midwestern first asserts error in the district court's conclusion that our decision "remanded only plaintiff's claim for money had and received and not a separate unjust enrichment claim (as [Midwestern Cattle] represents)." Contrary to Midwestern's argument that we also remanded a separate claim of unjust enrichment, our opinion expressly stated that we "only reinstate [Midwestern Cattle's] money had and received claim." *Midwestern Cattle Mktg.*, 800 F. App'x at 251. Likewise, our decretal language reversed as to only one claim and one remedy, not also a second, separate claim. *Id.* ("For the foregoing reasons, we REVERSE the district court's summary judgment order dismissing [Midwestern Cattle's] claim for money had and received and rejecting [Midwestern Cattle's] request for imposition of a constructive trust.").

Indeed, our opinion expressly distinguished the conceptual "theory" of unjust enrichment from an "independent claim" under Texas law for money had and received. *Id.* at 245 n.14 (treating a money-had-and-received claim as itself being a recovery "on an unjust enrichment theory"). That view aligns with Texas state courts' understanding that unjust enrichment describes the nature of certain claims and remedies, not a distinct cause of action itself. *See Argyle Indep. Sch. Dist. ex rel. Bd. of Trs. v. Wolf*, 234 S.W.3d 229, 246 (Tex. App. 2007) ("Unjust enrichment, itself, is not an independent cause of action . . . ."); *Mowbray v. Avery*, 76 S.W.3d 663, 679 (Tex. App. 2002). Other federal courts applying Texas law agree. *See Villareal v. First Presidio Bank*, 283 F. Supp. 3d 548, 553 n.5 (W.D. Tex.

2017); *Hancock v. Chi. Title Ins. Co.*, 635 F. Supp. 2d 539, 560 (N.D. Tex. 2009) (collecting cases).

Our opinion did once refer to Midwestern's "claims," plural, for money had and received and unjust enrichment. *Midwestern Cattle Mktg.*, 800 F. App'x at 247. But that language appears to have just echoed Midwestern's own pleading convention; Midwestern styled several remedial theories as discrete counts in its complaint. *Id.* at 244 (noting Midwestern's pleading of unjust enrichment as Count Three, exemplary damages as Count Twelve, and attorney's fees as Count Thirteen). Our language reflecting that pleading choice did not *sub silentio* endorse unjust enrichment as an independent cause of action. Midwestern's argument about the section headings in our opinion has even less force, for the section headings indisputably included remedial theories such as a constructive trust. *Id.* at 247.

Because we did not remand an independent unjust-enrichment claim, Midwestern's argument about the treatment of such a claim on remand—that the district court supposedly granted summary judgment on that claim without notice—is unpersuasive.

**2.** Midwestern also finds fault in the district court's disposition of the money-had-and-received claim that we did remand. We perceive no error.

First, Midwestern argues that its Seventh Amendment right to a trial by jury for actions at common law bars summary judgment on this claim because money had and received is an action at law. But even for actions at law, the Supreme Court has long held that "summary judgment does not violate the Seventh Amendment." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979) (citing *Fid. & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319–21 (1902)).

Second, Midwestern disputes the district court's weighing of certain facts in determining that the unclean-hands defense bars relief on the money-

had-and-received claim. Midwestern argues that its own acts amounted to negligence at most, that the district court gave too much weight to Legend's detrimental reliance on Midwestern's conduct, and that the district court did not give enough weight to Legend's disregard of internal warnings. That argument focuses on how the district court weighed the equities, not the existence of disputed facts. When asked at oral argument to identify any disputed factual issue on the defense, Midwestern identified none, responding that the open issues were "the balancing of the equities." Oral Argument Recording at 39:28–40:00.

Our decision in the first appeal held that, when considering summary judgment on an unclean-hands defense, a district court should weigh the equities by "balancing plaintiff's errors of omission or commission against the defendant's unjust acts." *Midwestern Cattle Mktg.*, 800 F. App'x at 246 (cleaned up). The district court did so on remand. It found that Midwestern's own conduct—giving Tony Lyon, a convicted felon, access to its checkbook and signature stamp—contributed to its misfortune. The court also noted that Midwestern's conduct caused Legend to believe that its checks deposited to the Lyons' account were authorized and would be honored, leading Legend to extend credit to the Lyons. By contrast, after thoroughly analyzing Legend's conduct with respect to the sums of money at issue, the district court found that Legend did not act unjustly. We find no reversible error in the district court's attentive weighing of those considerations and grant of summary judgment on the unclean-hands defense.

\* \* \*

For the reasons set forth above, the judgment of the district court is AFFIRMED.