# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2022

Lyle W. Cayce
Clerk

No. 20-50795

Michael Harris,

*Plaintiff—Appellant*,

*versus*

City of Schertz,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CV-1023

Before Southwick, Haynes, and Higginson, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:*

A former city employee brought suit against the city, alleging that he had been unlawfully terminated from his job because of his age. The district court granted summary judgment to the city. We AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

The plaintiff Michael Harris worked for the City of Schertz, Texas for 28 years. From February 1, 2014 to June 2, 2017, Harris served as the City

---

* Judge Haynes concurs in the result only.

No. 20-50795

Marshal. As part of his duties, he supervised the City's Animal Services department. In December 2016, Shanna O'Brien, the manager of Animal Services, contacted Harris and complained about the behavior of another employee, David Taylor. Harris decided he would speak with Taylor to attempt to resolve the issue and advised O'Brien to collect statements from other employees complaining about Taylor. She did so. Taylor separately submitted a list of concerns to Harris. Harris relayed the information to the city's Human Resources ("HR") Director, Jessica Kurz, who consulted with the Executive Director of Operations, Dudley Wait.

After a conversation with the city attorney and city manager, Kurz and Wait decided to investigate Animal Services and told its employees that the investigation concerned "highly inappropriate comments being made" in the workplace. In January of 2017, the pair met with Animal Services employees, asked them to fill out a questionnaire, and told them to contact HR if any action was taken against them for reporting misconduct.

While no employees filed a formal complaint against Harris, some told investigators that he was present, even participatory, when sexually and racially inappropriate language was used in the workplace. Only O'Brien specifically complained about Harris, doing so informally. She alleged he told her not to go to HR with reports of misconduct. Another employee told an investigator that Harris admitted to her that he was watching O'Brien one day to see if she was walking to HR. At the time of the investigation, the city had cited O'Brien for several disciplinary problems but never had cited Harris.

In the spring of 2017, Kurz and Wait suspended and eventually dismissed Taylor. They also reprimanded another employee. In March, the two issued notices of complaint to O'Brien and Harris and planned to demote them both. The basis for the complaints was the inappropriate work

environment that both O'Brien and Harris were alleged to have fostered. Kurz and Wait met with O'Brien to discuss the demotion. O'Brien said she was resigning from Animal Services, then did so on May 18, 2017.

Harris was issued a second notice of complaint on May 26, 2017, this time for allegedly placing a concealed camera at the Animal Control Department. Consequently, the City fired him on June 2, 2017. Harris appealed to the city manager, who upheld the termination.

Harris filed a charge of discrimination on the basis of his sex and age with the Equal Employment Opportunity Commission on October 12, 2017. He was issued a right-to-sue letter on July 17, 2018, and then brought suit on October 1, 2018. Harris alleged unlawful discrimination on account of his (1) sex in violation of Title VII and (2) age in violation of the Age Discrimination in Employment Act ("ADEA"). The district court granted summary judgment to the City on both claims. Harris timely appealed.

## DISCUSSION

As we just summarized, Harris's complaint alleged discrimination on the basis of both sex and age. On appeal, Harris's only challenge is to the summary judgment rejection of his age-based discrimination claim. That is a complete reversal from his approach in the district court. Harris's briefing opposing summary judgment made arguments solely about discrimination on the basis of sex. Indeed, after a lengthy factual summary, Harris only legal argument was captioned "Plaintiff's Claim of Sex Discrimination."

Despite the limitation of Harris's argument in district court, that court expressly analyzed both claims. As to sex discrimination, the district court found that Harris did not provide evidence "that a similarly situated employee outside his protected class was treated more favorably." The court then addressed age discrimination despite the City's argument that the claim had been abandoned by Harris's failure to brief it. The district court found

that Harris had failed to prove that his age was the "but for" cause of his termination.

On appeal, the City argues that Harris's failure to respond in district court to its summary judgment motion's argument about age discrimination means that the claim was abandoned. It has authority on its side. *See, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001). Further, Harris is incorrect that the City must make a cross-appeal to make this argument. A cross-appeal is needed when an appellee wishes to overturn part of a judgment, not when it offers an alternative reason to affirm that judgment. *Domain Protection, L.L.C. v. Sea Wasp, L.L.C.*, 23 F.4th 529, 539 (5th Cir. 2022).

As to the effect now on appeal of the briefing default in district court, we conclude that the decision by that court to consider the claim of age discrimination despite an absence of briefing is consistent with our occasional practice of considering a poorly briefed issue: "the issues-not-briefed-are-waived rule is a prudential construct that requires the exercise of discretion." *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001). The district court's consideration of age discrimination and the adequate appellate briefing on that issue lead us to review the merits of the claim.

We review a district court's grant of summary judgment *de novo*. *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 999 F.3d 970, 971 (5th Cir. 2021). Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

To prevail, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009).

Claims brought under the ADEA often involve circumstantial evidence and are evaluated using *McDonnell Douglas* burden-shifting. *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 474 (5th Cir. 2015) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). First, a plaintiff must establish a *prima facie* case by demonstrating that "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (quoting *Palasota v. Haggar Clothing Co.*, 342 F.3d 569, 576 (5th Cir.2003)). Once a plaintiff has made this showing, the defendant has the burden of production to show a "legitimate, nondiscriminatory reason" for the discharge. *Id.* at 312. If a defendant produces such a reason, there no longer is a presumption of discrimination; instead, the plaintiff has the burden to demonstrate that the proffered reason was pretextual or that, even if true, it combined with an improper motive. *Id.*

A plaintiff's *prima facie* case, combined with evidence that the "defendant's explanation is unworthy of credence," can "permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 147–48 (2000).

The district court concluded that Harris established his *prima facie* case for age discrimination, relying on certain comments made by Wait in his deposition. Wait testified that Harris "had not been adequately prepared or mentored"; he also had not been "taught to be a leader" nor "to dive into difficult problems." Harris also had been left to advance "on his own," and

that many of his promotions working for the City were the result of "being in the right place at the right time." Wait further testified that when Harris was with the police department, the department's chief stated that Harris "struggled to engage and to learn more, and to want to do more, and to want to engage in different levels, engage in confrontation with employees, handle problems as opposed to try to push things off." With the growing size of the City, Wait testified that "a higher level of sophistication and a higher level of leadership" was needed to "lead departments" and that Harris "had inherited . . . more than what his scope was able to handle."

The district court then considered the reason offered by the City for termination. Wait stated that the City initially intended to demote Harris for the incidents at Animal Control, but the discovery of Harris's hidden camera, coupled with bad publicity from the event, caused the City to terminate his employment. The district court found that the City's evidence was "unworthy of credence" because it was unclear whether Harris had ordered the camera to be hidden and because there were hidden cameras at other city sites. Still, the district court found that Harris failed to show the "critical but-for causation" between his age and his termination necessary to survive summary judgment.

After our review of the evidence, we are not certain the district court should have rejected the City's offered reason. We do, though, agree with the district court that no genuine dispute of material fact existed: Harris had not been fired because of his age. Wait stated that Harris was largely unqualified for the burgeoning responsibilities of his position, which Harris argues would allow a fact finder to infer that meant Wait thought Harris was old and slow. Such an inference would be pure speculation. Turmoil at Animal Services was undisputed, supporting that Harris was not adequately managing his duties. When comments by a decision-maker have been found sufficiently suggestive of age bias, they have been much more age-specific

than Wait's reference to responsibilities being too great. *See, e.g.*, *Goudeau*, 793 F.3d at 476 (referring to the plaintiff as an "old fart[]" and as someone wearing "old man clothes"); *Brown v. CSC Logic, Inc.*, 82 F.3d 651, 656 (5th Cir. 1996) (referring to plaintiff as an "old goat"), *abrogated on other grounds by Reeves*, 530 U.S. at 151. A reasonable factfinder would not be justified on this record to infer that Harris was terminated because of his age.

AFFIRMED.