# United States Court of Appeals for the Fifth Circuit

———————

No. 23-40536

———————

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2024

Lyle W. Cayce
Clerk

Cassandra Lea Sanchez,

*Plaintiff—Appellant*,

*versus*

Dolgencorp of Texas, Incorporated,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:22-CV-362

———————————————————

Before Clement, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff–Appellant Cassandra Lea Sanchez appeals the district court's summary-judgment dismissal of her claims against Defendant–Appellee Dolgencorp of Texas, Inc. ("Dollar General"). We AFFIRM.

I.

In January 2022, Plaintiff–Appellant Cassandra Lea Sanchez visited the Dollar General store in Edinburg, Texas. As she walked toward the store,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

she decided to return to her parked car to retrieve something that she had forgotten. As she did, Sanchez tripped and fell on a crack in the store's sidewalk.

Later that year, Sanchez sued Dollar General, seeking an award of damages based on a premises-liability theory of negligence. After removing the case to federal court, Dollar General filed a motion for summary judgment seeking dismissal of Sanchez's claim. In support of its motion, Dollar General argued that the sidewalk crack was an "open and obvious" condition that Sanchez could and should have seen and avoided. Thus, Dollar General maintained, it had no legal duty, under Texas law, to eliminate the sidewalk's crack or warn Sanchez of its existence.

Referencing photographs taken by Sanchez, the district court agreed, reasoning that the crack was "objectively observable to a person exercising reasonable care," and that Sanchez "ha[d] failed to provide any evidence . . . support[ing] the essential elements of her claims." Accordingly, the district court concluded, "there is no genuine issue as to any material fact and [Dollar General] is entitled to judgment as a matter of law." This appeal followed. We review a summary judgment de novo. *See*, *e.g.*, *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.,* 999 F.3d 970, 971 (5th Cir. 2021).

## II.

On appeal, Sanchez contends that the district court "misapplied Texas tort law," arguing that the Supreme Court of Texas, in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 517 (Tex. 1978), "abolished the doctrine of 'open and obvious' hazards as a negation of landowner duty to invitees." According to Sanchez: "The controlling [Fifth] Circuit precedent and Texas case law mandate that in Texas premises liability suits, the jury determines comparative negligence when defendants raise the 'open and obvious' defense." Sanchez also argues that the district court "took the fact issue of

comparative negligence and mislabeled it as a legal issue of duty for the court to decide," such that Sanchez was "unconstitutionally denied . . . her Seventh Amendment right to have the jury decide the material fact questions in her case." We disagree. It is Sanchez, not the district court, who has misapplied the law.

## A.

Under Texas law, a negligence claim has three elements: (i) a legal duty, (ii) a breach of that duty, and (iii) damages proximately resulting from the breach. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Van Horn v. Chambers*, 970 S.W.2d 542, 544 (Tex. 1998)). Premises liability is a unique negligence theory of liability brought by someone who claims to have been injured by an unreasonably dangerous property condition. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017); *see also Gen. Elec. Co. v. Moritz*, 257 S.W.3d 211, 215 (Tex. 2008) (distinguishing premises-defects claims and negligent-activity claims arising from contemporaneous activity). "Like any other negligence action, a defendant in a premises case is liable only to the extent it owes the plaintiff a legal duty." *Id.* at 217.

In the premises-liability context, the Supreme Court of Texas has consistently recognized that a landowner has a "duty to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Austin v. Kroger Tex., L.P.,* 465 S.W.3d 193, 203 (Tex. 2015) (citations omitted). Prior to the *Austin* decision in June 2015, however, Texas law was less clear regarding a landowner's duty vis-à-vis an unreasonably dangerous condition that is "open and obvious or known to the invitee." *Id.* at 203–04. Indeed, it was the "arguably conflicting Texas Supreme Court precedent" that caused a prior panel of this court to certify the questions addressed in the *Austin* decision. *See Austin v. Kroger Tex., L.P.,* 746 F.3d 191, 197 (5th Cir. 2014).

No. 23-40536

In any event, *Austin* provided the necessary clarification. *See Austin*, 465 S.W.3d at 208 ("[r]esolving the Court's 'arguably conflicting . . . precedent'" and "attempt[ing] to provide further clarification"). There, the Supreme Court of Texas explained:

> [I]n most circumstances, a landowner who provides an adequate warning acts reasonably as a matter of law, and since there is no need to warn against obvious or known dangers, a *landowner generally has no duty to warn of hazards that are open and obvious or known to the invitee*."

*Id.* at 204 (emphasis added). The general "no-duty" rule applies to "open and obvious" conditions because "[w]hen the condition is open and obvious . . . the landowner is not in a better position [than an invitee] to discover it." *Id.* at 203. Additionally, "the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises." *Id.* (citation omitted). Thus, *Austin* "reaffirmed [the] general rule . . . that landowners have no duty to protect or warn such persons when they are aware of the risks and could have avoided them." *Id.* at 208.

Notably, the *Austin* decision also expressly demarcated the remaining, limited validity of the 1978 *Parker* decision cited by Sanchez. Specifically, it held: "*Parker* represents a second *exception* to the general [no-duty] rule." *Id.* (emphasis added). Calling it the "necessary-use" exception, the *Austin* Court explained that the exception "applies when the facts demonstrate that (1) it was necessary that the invitee use the unreasonably dangerous premises and (2) the landowner should have anticipated that the invitee was unable to avoid the unreasonable risks despite the invitee's awareness of them." *Id.* at 207. When this exception applies, "the plaintiff's awareness of the risk does not relieve the landowner's duty to make the premises safe, but it remains

4

relevant to the issue of proportionate responsibility unless that defense is legally unavailable." *Id.* at 208.

Thus, after *Austin*, Texas law is clear. Subject to two exceptions—the necessary-use and criminal-activity exceptions[1]—a premises owner "generally does not have a duty to warn or protect [invitees] from unreasonably dangerous premises conditions that are open and obvious or known to the [invitee]." *Id.* at 198; *see also id.* at 206–08, 213, 217. And "[w]hether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). Finally, the question of whether a duty exists in a given case is "a question of law for the court; it is not for the jury to decide under comparative negligence or anything else." *Austin*, 465 S.W.3d at 212 (quoting *Moritz*, 257 S.W.3d at 217).

Sanchez's attempt to limit *Austin*'s application solely to "the situation of employees in the workplace"—such that it would have no application to "a mere customer and public invitee of the business"—is unconvincing, if not frivolous. Although this court's certified question referenced an employer's duty to an employee, 746 F.3d at 204, and the Supreme Court of Texas answered that question, 465 S.W.3d at 217, it did not stop there. Rather, the *Austin* opinion expressly and repeatedly indicates that it addresses the premises-liability duty owed by *landowners* to *invitees* generally. *See Austin*, 465 S.W.3d at 201 ("We endeavor here to answer . . . whether an

---

[1] In *Austin*, the Supreme Court of Texas also recognized the "criminal-activity" exception as the first exception to the general [no-duty] rule. 465 S.W. 3d at 204–06, 213, 217. Derived from *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 770–74 (Tex. 2010), that exception applies in "cases involving dangers resulting from a third party's criminal conduct in which the landowner should have anticipated that the harm would occur despite the invitee's knowledge of the risks." *Id.* at 206. Sanchez has not asserted that either exception applies here.

employer's premises liability to employees differs from other landowners' premises liability to invitees . . . [and] conclude that [] employers owe employees the same premises-liability duty that other landowners owe to their invitees[.]"); *id.* at 201–02 (cleaned up) ("We first clarify and confirm that, generally, an employer has the same premises-liability duty to its employees as other landowners have to invitees on their premises."); *id.* at 202 ("[T]he Court has treated employers as having the same premises-liability duties as all other landowners, and we confirm that approach today."); *id.* ("In answering the Fifth Circuit's certified question, we thus consider the premises-liability duties of landowners to invitees generally. . . . While an employer's *liability* may differ from that of other landowners due to the statutory waiver of its defenses, . . . its premises-liability *duty* is the same as that owed by landowners to invitees generally."). As used in *Austin*, the term "landowner" refers to "the owner of the premises or [] another party who operates or exercises control over the premises." *Id.* at 199 n.7. And "[a]n invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both." *Id.*

## B.

Sanchez's final argument—that material factual disputes preclude a determination that the sidewalk's cracked condition was, as a matter of law, open and obvious—is likewise unavailing for a number of reasons. First, Sanchez's assertions that her fall actually occurred at approximately 7:30 p.m., in January—*i.e.*, more than an hour *after* sunset—and that the area where she fell was not "well lit," were first made on appeal. In other words, despite Dollar General's unequivocal contention, in its motion for summary judgment, that the sidewalk crack was "open and obvious" and that Sanchez fell during "daylight," Sanchez's contrary assertions were *never* presented to the district court. Arguments and issues not first raised in the district court generally are forfeited on appeal. *See, e.g.*, *Rollins v. Home Depot USA, Inc.*, 8

No. 23-40536

F.4th 393, 397–98 (5th Cir. 2021).  Although exceptions are made for juris-
dictional issues and questions of law that, if not addressed, would result in a
miscarriage of justice, *see id.*, neither exception applies here.

Furthermore, though the district court's opinion expressly concludes
that the sidewalk's cracked condition was open and obvious, and "objectively
observable to a person exercising reasonable care"—emphasizing that "it
was daytime outside[,] the crack was well lit and visible[, and] not obscured
by any sort of debris or grass overgrowth"—Sanchez failed to include her
assertion of error regarding this point in her opening brief to this court.[2]  In-
stead, she first raised this issue in her reply brief, which *followed* Dollar Gen-
eral's submission of its appellate brief, yet offers no excuse or justification for
her prior omissions.  In such circumstances, issues not raised in an appel-
lant's opening brief generally are considered abandoned.  *Akuna Matata
Invs., Ltd. v. Texas Nom L.P.*, 814 F.3d 277, 282 n.6 (5th Cir. 2016).  And we
see no reason here to deviate from this rule.

Finally, in addition to being inexcusably tardy, Sanchez identifies no
record evidence tending to support her factual assertions, *i.e.*, that her fall
occurred after sunset, at approximately 7:30 p.m., that the ambient lighting
was inadequate, or that the photograph(s) taken of the sidewalk crack re-
quired the use of car headlights.

---

[2] The district court had to decide "whether the danger is 'so open and obvious
that as a matter of law [the plaintiff] will be charged with knowledge and appreciation
thereof.'" *Los Compadres Pescadores*, 622 S.W.3d at 788 (quoting *Parker*, 565 S.W.2d at
516).  "Under the objective standard, the question is not what the plaintiff subjectively or
actually knew but what a reasonably prudent person would have known under similar
circumstances." *Id.* (citation omitted).  The totality of the circumstances faced by the
plaintiff are to be considered. *Id.* at 788–89.

## C.

On this record, we agree with the district court's summary-judgment determination that Dollar General is entitled to a judgment of dismissal as a matter of law. Accordingly, Sanchez's Seventh Amendment right to trial by jury has not been infringed. *See Midwestern Cattle Mktg.,* 999 F.3d at 972 ("[T]he Supreme Court has long held that 'summary judgment does not violate the Seventh Amendment.'") (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 336 (1979)); *Barrett v. Indep. Ord. of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (when summary judgment is properly granted, Seventh Amendment rights are not infringed because the jury, as trier of fact, has no role).

## III.

Sanchez's assertions of error lack merit. Accordingly, we AFFIRM.