# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40396

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2017

Lyle W. Cayce
Clerk

STEPHEN HARTMAN,

> Plaintiff - Appellant

v.

LAYNE WALKER, Individually; THE COUNTY OF JEFFERSON, TEXAS; SHERIFF MITCH WOODS; STEVEN BROUSSARD, Deputy; SHARON LEWIS, Deputy; CAPTAIN CARR; ANTHONY BARKER, Deputy; ANN LANDRY; LINDSEY SCOTT, Judge; CLINT WOODS; ARTHUR LOUIS, JR.; JOEL W. VAZQUEZ; JAMES MAKIN; RIFE KIMLER; JODEE ROACH; TISH JONES; E. PERRY THOMAS; TIFFANI DECUIR; KIM CARTER; MISTY CRAVER; DIANE MARIE ROJAS; TOM MANESS; ED SHETTLE; SERGEANT KOLANDER; JOE ALFORD; LUPE FLORES, Judge; TOM RUGG, Judge; TIM SMITH,

> Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:13-CV-355

Before BARKSDALE, GRAVES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Stephen Hartman challenges the Federal Rule of Civil Procedure 12(b)(6) dismissal of his complaint, which claimed, *inter alia*, constitutional

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-40396

violations stemming from his arrest in a courtroom and resulting detention. AFFIRMED.

## I.

On 28 May 2013, Hartman, a process server, attempted to serve process on a judge while he was presiding at the Jefferson County, Texas, courthouse. Hartman was arrested for disrupting court proceedings by noise, in violation of Texas Penal Code § 38.13. The following events leading to his arrest were captured by a pen recorder Hartman was wearing.

As the complaint alleges, and the video evidence shows, Hartman approached the courtroom's bar during ongoing court proceedings, and informed the deputies he was there to serve process on the judge. The deputies instructed him to leave the courtroom, but Hartman refused multiple times. Following this brief interaction, the deputies placed Hartman under arrest, handcuffed him, and escorted him from the courtroom. Hartman remained in a holding cell at the courthouse for approximately six hours before being transported to the Jefferson County jail. (During those six hours, he was allowed to serve process on the judge.)

Subsequent to Hartman's arrest, the deputies collected witness affidavits from individuals who had been present in the courtroom and later obtained a search warrant for the pen recorder's video. These items were used as evidence in a criminal prosecution against Hartman. An internal-affairs investigation by the local police department, however, concluded the deputies mishandled evidence related to Hartman's arrest, especially taking the pen recorder home overnight. In the light of the investigative errors and the video evidence, Hartman's criminal charges were dismissed.

This action presents federal and state law claims. Each of the numerous defendants moved to dismiss, *inter alia*, pursuant to Rule 12(b)(6) (failure to state a claim).

No. 16-40396

An August 2015 magistrate-judge's 67-page report and recommendation recommended dismissal of the federal claims in Hartman's second-amended complaint; those claims were based on the First, Fourth, Eighth, and Fourteenth Amendments, 42 U.S.C. § 1983, and the Federal Privacy Act. And, should those constitutional claims be dismissed, it was recommended that the § 1983 civil-conspiracy and malicious-prosecution claims, as well as those against Jefferson County, be dismissed, due to the recommended absence of an underlying constitutional violation. The district court adopted the report and recommendations, and dismissed with prejudice all but three federal claims; allowed Hartman to amend the allegations concerning those remaining claims; and declined to exercise supplemental jurisdiction over the state-law claims.

In February 2016, in response to Hartman's third-amended complaint, a second report and recommendation again recommended that the federal claims failed and recommended the action be dismissed with prejudice. The district court adopted that report and recommendation and dismissed the complaint pursuant to Rule 12(b)(6).

## II.

Hartman presents numerous issues. He contends, for example, that the court erred in concluding the arresting officers were entitled to qualified immunity against his unlawful-arrest claim, asserting they lacked probable cause. And, in the absence of qualified immunity for the underlying arrest, Hartman asserts his claims for unlawful arrest, excessive force, equal-protection violation, forging search-warrant affidavits, civil conspiracy, and malicious prosecution should be allowed to proceed to the discovery stage. As another example, Hartman contends the court erred in dismissing his claims that do not turn on the validity of the underlying arrest, such as unconstitutional conditions of confinement. Before addressing the contentions in the complaint, Hartman's assertion about the court's claimed misapplication of Rule 12(b)(6) is considered.

No. 16-40396

1.

Hartman maintains the court misapplied the well-known standard of review under Rule 12(b)(6) by construing the well-pleaded facts in favor of defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In that regard, on a motion to dismiss, the court is entitled to consider any exhibits attached to the complaint, including video evidence. *See, e.g.*, *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). In such an instance, the court is not required to favor plaintiff's allegations over the video evidence. *See, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380–81 (2007) (dismissing on summary judgment when the complaint's facts were "utterly discredited" by video evidence).

Moreover, the reports and recommendations not only considered those claims that were clearly articulated in the extensive complaint, but also construed the complaint's language in Hartman's favor, in order to analyze potential claims vaguely alluded to in the complaint. The court did not err in its application of the Rule 12(b)(6) standard.

2.

As for the claims in the complaint, and essentially for the reasons stated in the comprehensive and well-reasoned reports and recommendations, as adopted by the district court, the court did not err in dismissing the complaint pursuant to Rule 12(b)(6).

III.

For the foregoing reasons, the judgment is AFFIRMED.