# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2023

Lyle W. Cayce
Clerk

———————

No. 22-50048

———————

Alejandro Hernandez; Edith Schneider-Hernandez,

*Plaintiffs—Appellants*,

*versus*

West Texas Treasures Estate Sales, L.L.C.; Linda Maree Walker; Aaron Anthony Enriquez,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-96

———————————————————

Before Wiener, Graves, and Douglas, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Pro se Plaintiffs-Appellants Alejandro Hernandez and his wife, Edith Schneider-Hernandez, appeal the dismissal of their claims against Defendant-Appellees West Texas Treasures Estate Sales, L.L.C., Linda Maree Walker, and Aaron Anthony Enriquez (jointly, the "Defendants") arising from an encounter they had at an estate sale. Because the district court abused its discretion, we VACATE and REMAND.

No. 22-50048

Plaintiffs allege that, in April 2021, they attended an estate sale organized by the Defendants, during which Walker requested that they wear face masks because of concerns about the COVID-19 pandemic. Plaintiffs informed Walker that they had disabilities that exempted them from the mask requirement and requested an accommodation under the Americans with Disabilities Act (ADA). According to the Complaint, Hernandez suffers from asthma, post-traumatic stress disorder (PTSD), and a scarred deviated septum, all of which hinder his breathing. Schneider-Hernandez alleges that she suffers from PTSD, multiple endocrine disorders, and spinal muscular atrophy that affects her ability to breathe and swallow.

In response to the request, Walker instructed the Plaintiffs to make an appointment. But when Schneider-Hernandez asked for a specific time, Walker yelled, "[H]ow about I don't know when!" Schneider-Hernandez claims that she felt threatened and told Hernandez that they should leave. However, according to the Plaintiffs, tensions escalated when Walker pushed Hernandez into Schneider-Hernandez, asserting that she had the power to discriminate against anyone for any reason and ordered the Plaintiffs to vacate the premises. Enriquez joined in by yelling that the estate sale was a private business and they could do as they pleased. The Plaintiffs subsequently left and later discovered that Schneider-Hernandez had lost her glasses during the altercation. Hernandez attempted to contact Walker about the lost glasses using the phone number on her business card, but Enriquez answered the call and refused to listen to Hernandez or pass on the message to Walker. Instead, Enriquez instructed Hernandez not to return to their business and abruptly ended the conversation.

This suit followed. Plaintiffs sued the Defendants for violations of Titles III and V of the ADA as well as assault and battery under state law. Soon after, the Defendants filed an answer, and more than a month later, they filed an amended answer and a motion to dismiss for failure to state a claim under

No. 22-50048

Federal Rule of Civil Procedure 12(b)(6). In addition, they filed a motion for sanctions and to declare the Plaintiffs vexatious litigants.[1] Plaintiffs filed responses to both motions. Most relevant to this appeal, in their response to the Defendants' motion to dismiss, Plaintiffs asked the district court to allow them the chance to amend their claims before dismissal if the court determined that the complaint lacked a sufficient factual basis.

On August 19, 2021, the district court dismissed the action in part. As to the discrimination claims under Title III, the court found that Hernandez did not properly allege that he is disabled under the ADA. Additionally, it found that even if both of the Plaintiffs were disabled, they failed to show that they were discriminated against based on their disabilities. It also found that even if the Plaintiffs could establish a connection between their refusal to wear masks and the ban, not wearing a mask during the COVID-19 pandemic is considered a direct threat and, therefore, is not protected under the ADA. Regarding the retaliation claims under Title V, the district court ruled that the Plaintiffs' Complaint did not provide enough facts to suggest that they engaged in a protected activity under the ADA by refusing to wear masks or that the Defendants discriminated against them. The district court then dismissed the remaining state law claims without prejudice pursuant to 28 U.S.C. § 1367(c) and denied all pending motions as moot. Plaintiffs now appeal.

It is well settled that before dismissing a complaint, a pro se plaintiff should be given an opportunity to amend his complaint to remedy any deficiencies. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). In other words, leave to amend should be liberally granted, when the plaintiff might be able to state a claim based on the underlying facts and circumstances. *See Brewster*

---

[1] These motions were not appealed, and therefore, are not before us.

*v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). Nevertheless, a district court is not obligated to grant a futile motion to amend, for instance, when "the plaintiff has already pleaded his best case." *Id.* at 768 (internal quotation marks and citation omitted).

We generally review the district court's denial of leave to amend a complaint for an abuse of discretion. *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016). "This court has a strong preference for *explicit* reasons in denying leave to amend, and we have expressly stated that motions to amend should be freely granted and that a district court's failure to explain its reasons for denying the motion typically warrants reversal." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 478 (5th Cir. 2018) (internal quotation marks and citation omitted) (emphasis in original). But if the "justification for the denial is readily apparent, a failure to explain is unfortunate but not fatal to affirmance if the record reflects ample and obvious grounds for denying leave to amend." *Id.* (internal quotation marks and citation omitted).

After reviewing the record, we agree with the district court that the Plaintiffs did not adequately state sufficient facts in their complaint to support their claims of disability discrimination. However, accepting the allegations as true and construing all reasonable inferences in the Plaintiffs' favor, they may be able to supply additional allegations to support a plausible claim. The district court's opinion essentially concedes that it could have benefited from more detailed pleadings, specifically about the severity of Hernandez's asthma and the impact of PTSD on the Plaintiffs' daily activities. However, the district court did not address the Plaintiffs' request for an opportunity to amend their Complaint. Thus, the basis for its decision not to allow leave to amend is unknown. Given our well-established precedent, this was an abuse of discretion. *See Bazrowx*, 136 F.3d at 1054.

The district court put forth two alternative holdings for its decision to dismiss the complaint, neither of which we deem provides sufficient justification for dismissal. A district court's grant of a Rule 12(b)(6) motion to dismiss is reviewed de novo. *Vizaline, L.L.C. v. Tracy*, 949 F.3d 927, 931 (5th Cir. 2020). We accept all well-pleaded facts as true, construing all reasonable inferences in the light most favorable to the plaintiff. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). "But we do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (internal quotation marks and citations omitted). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must prove the plaintiff's grounds for entitlement to relief—including factual allegations in a complaint that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

First, the district court concluded that the Plaintiffs failed to plead facts showing that it is plausible they were discriminated against based on their disabilities. We disagree. According to the Complaint, the Plaintiffs requested an ADA accommodation from Walker after she asked them to wear masks. Walker responded by telling them to make an appointment, but when Schneider-Hernandez asked for a timeframe, Walker yelled that she did not know. As the Plaintiffs were trying to leave the estate sale, Walker pushed Hernandez into Schneider-Hernandez and stated that she could discriminate against anyone for any reason. Later, when Hernandez spoke to Enriquez on the phone, he yelled at him and told Hernandez not to come back to their business.

Accepted as true, as we are required to do at this stage, the Plaintiffs allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The facts put forth suggest that the Defendants failed to provide a reasonable accommodation, as the Plaintiffs were expelled

from the estate sale and explicitly instructed not to return after Schneider-Hernandez inquired about scheduling an appointment. At this point, that is all that is necessary.[2] *See Taylor*, 503 F.3d at 401.

Second, the district court held that, even if the Plaintiffs had sufficiently pleaded that they were excluded because of their disability, the "direct threat" defense applies. The ADA provides a defense to a private entity if an "individual poses a direct threat to the health or safety of others." 42 U.S.C. § 12182. The term "direct threat" refers to a "significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices, or procedures or by the provision of auxiliary aids or services." *Id.* "The existence, or nonexistence, of a significant risk must be determined from the standpoint of the person who refuses the . . . accommodation, and the risk assessment must be based on medical or other objective evidence." *Bragdon v. Abbott*, 524 U.S. 624, 649 (1998).

There is limited guidance regarding the suitability of a district court employing the direct-threat defense under Title III at the motion-to-dismiss stage. However, Title I of the ADA includes parallel direct-threat provisions that apply in the employment context. *Bragdon*, 524 U.S. at 649; *see* 42 U.S.C. §§ 12111(3), 12113(b). Under that framework, we have held that whether an individual is a direct threat under Title I "is a complicated, fact intensive determination, not a question of law," and that the determination should be made "after weighing all of the evidence about the nature of the risk and the potential harm." *Rizzo v. Child.'s World Learning Ctrs., Inc.*, 84 F.3d 758, 764

---

[2] Because we reverse the dismissal of the Plaintiffs' disability discrimination claims, we also reverse on their retaliation claims. On remand, the district court may consider the parties' other arguments related to these claims.

(5th Cir. 1996). Further, "[a]s with all affirmative defenses, the employer bears the burden of proving that the employee is a direct threat." *Id.*

We have held that it is generally inappropriate for a court to consider affirmative defenses on a motion to dismiss if it forces the court to look at matters outside of the complaint. *EPCO Carbon Dioxide Products, Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006). We read Title III's direct-threat provision as analogous to Title I's, and therefore find that the district court's determination that the Plaintiffs were a direct threat to others as a matter of law was premature.

In sum, the district court erred by denying without explanation the Plaintiffs' request for an opportunity to amend their complaint, and by holding that the Plaintiffs failed to establish their prima facie case, at least at this stage. Accordingly, the district court's judgment is VACATED and RE-MANDED for further proceedings.