# United States Court of Appeals
# for the Fifth Circuit

─────────────

No. 24-20281
Summary Calendar

─────────────

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2025

Lyle W. Cayce
Clerk

JOHN ROBERT HUNTER, JR.,

*Plaintiff—Appellant*,

*versus*

JP MORGAN CHASE, N.A.; FREDDIE MAC,

*Defendants—Appellees*.

─────────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-491

─────────────────────────────────

Before JOLLY, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

John Robert Hunter, Jr., proceeding pro se, filed a complaint raising claims against JP Morgan Chase Bank, N.A. (Chase) and the Federal Home Loan Mortgage Corporation (Freddie Mac). Chase and Freddie Mac filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Hunter filed a response that the district court construed, in part, as a motion

─────────────────────

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

for summary judgment as to the issue of damages.  The district court denied Hunter's motion for summary judgment, granted the Rule 12(b)(6) motion, and dismissed all of the claims.  Hunter filed a motion to reconsider, and the district court denied this motion.

On appeal, Hunter challenges the district court's order denying his motion for summary judgment and granting the motion to dismiss under Rule 12(b)(6).    Hunter has not briefed, and has thus abandoned, any argument that the district court erred by denying his motion for reconsideration.  *See Mapes v. Bishop*, 541 F.3d 582, 584 (5th Cir. 2008); *Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Although Hunter's notice of appeal designated the district court's denial of his motion for reconsideration as the order being appealed, the notice of appeal nevertheless encompasses the final judgment.  *See* Fed. R. App. P. 3(c)(5)(B); Fed. R. App. P. 4(a)(2), (a)(4)(A), (a)(7)(A)(ii).  Accordingly, we may consider Hunter's claims related to the final judgment.

Hunter argues that the district court improperly dismissed the following claims: breach of contract; breach of fiduciary duty; violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617; unreasonable debt collection; and violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601-1667f.  As an initial matter, we will not consider the new factual allegations, new evidence, or new theories of relief that Hunter presents for the first time on appeal.  *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  "Dismissal is proper when

a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief, or if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (internal quotation marks and citations omitted). We review Rule 12(b)(6) dismissals de novo, "accept[ing] all well-pleaded facts as true" and "construing all reasonable inferences in the light most favorable to the plaintiff." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023) (internal quotation marks and citations omitted).

First, Hunter failed to allege (1) any facts indicating action or inaction by Chase or Freddie Mac that amounted to a breach of the mortgage agreement, (2) his own performance of the mortgage agreement, or (3) any damages resulting from Chase and Freddie Mac's alleged breach of the mortgage agreement. *See Villarreal*, 814 F.3d at 767. Accordingly, the district court did not err by dismissing Hunter's breach of contract claim under Rule 12(b)(6). *See id.* at 766; *Hernandez*, 79 F.4th at 469.

Second, Hunter did not allege facts establishing a fiduciary relationship between himself and the defendants. *See Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 808-09 (5th Cir. 2017). Without a fiduciary relationship, there cannot be a breach of fiduciary duty. *See id.* at 808. Thus, the district court did not err by dismissing Hunter's breach of fiduciary duty claim under Rule 12(b)(6). *See Hernandez*, 79 F.4th at 469; *Villarreal*, 814 F.3d at 766.

Next, despite Hunter's assertion that he did not receive adequate responses to his inquiries and concerns, he did not allege that he submitted a qualified written request or that the servicer, Chase, failed to timely respond to one. *See* 12 U.S.C. § 2605(e), (f). Nor did he plead factual content that would have allowed the court to draw the reasonable inference that the

defendants were liable for failure to notify him regarding a transfer of loan servicing. *See* 12 U.S.C. § 2605(b)-(c), (f); *Iqbal*, 556 U.S. at 678. Thus, the district court did not err by dismissing Hunter's RESPA claim under Rule 12(b)(6). *See Hernandez*, 79 F.4th at 469; *Villarreal*, 814 F.3d at 766.

Fourth, not only did Hunter fail to allege facts related to harassing debt collection efforts by Chase and Freddie Mac, but he failed to allege facts describing any debt collection efforts by them at all. *See EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App. 2008). Therefore, the district court did not err by dismissing Hunter's unreasonable debt collection claim under Rule 12(b)(6). *See Hernandez*, 79 F.4th at 469; *Villarreal*, 814 F.3d at 766.

The district court found that Hunter's allegations regarding violations of the Truth in Lending Act, 15 U.S.C. §§ 1601-1667f, both failed to state a claim and were time barred. "Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them." *Mapes*, 541 F.3d at 584 (citation omitted). On appeal, Hunter has failed to brief, and thus abandoned, any challenge to the district court's alternative time bar ruling. *See Walker v. Thompson*, 214 F.3d 615, 624-25 (5th Cir. 2000), *abrogated on other grounds*, *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006).

Because the district court did not err in dismissing Hunter's claims pursuant to Rule 12(b)(6), we need not address the district court's dismissal of Hunter's motion for summary judgment as to the issue of damages. *See Thanksgiving Tower Partners v. Anros Thanksgiving Partners*, 64 F.3d 227, 230 n.4 (5th Cir. 1995). Finally, any error in the district court's failure to address a claim of unlawful conversion was harmless. *See* FED. R. CIV. P. 61; *see also Iqbal*, 556 U.S. at 678; *Arthur W. Tifford, PA v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009).

No. 24-20281

AFFIRMED.