# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-20120

---

MADGLEAN BRANCH; STEPHANIE KEY; MELISSA INCE; OLGA AVILA; NETTA PHILLIPS; RYAN MCNABB; QUINEY GOOSBY; EDGAR CLAYTON; ANTHONY NOLAND,

*Plaintiffs—Appellants*,

GEIVY BONICHE,

*Appellant*,

*versus*

HARRIS COUNTY SHERIFF'S OFFICE; HARRIS COUNTY,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2279

---

Before WIENER, STEWART, and SOUTHWICK, *Circuit Judges*.

PER CURIAM:[*]

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-20120

Crime does not pay in Harris County. But overtime does in its Sheriff's Office, at least in the form of compensatory time off. In 2023, that office issued an internal order (the "Policy") regulating how its non-exempt employees use compensatory time off that they accrue from working overtime. Plaintiffs-Appellants (collectively, the "Employees") sued Defendants-Appellees Harris County and the Sheriff's Office (collectively, the "County") to stop the Policy from coming into effect. They alleged that the Policy is an unlawful deprivation of their constitutional and statutory rights. Because they have not stated a plausible claim for relief, however, we AFFIRM the district court's dismissal.

## I.

Underpinning this suit, the Policy restricts how most employees use time off that they receive as compensation for working overtime. When they are absent from work, the Policy requires that they use their compensatory time off before other forms of accrued leave—including sick leave. After the County issued the Policy, the Employees sought to void it and restrain its enforcement. They sued in Texas state court under 42 U.S.C. § 1983, alleging that it violates their constitutional rights to due process, equal protection, and free association. They also alleged that the Policy violates the Fair Labor Standards Act (the "FLSA").[1] In response, the County removed the case to federal court and moved to dismiss for failure to state a claim. The district court granted the County's motion, along with the Employees' motion for leave to file an amended complaint. Employees then filed their amended complaint. Because the district court found that the Employees still failed to state a claim for relief, the district court again granted dismissal.

---

[1] 29 U.S.C. §§ 201 *et seq.*

No. 24-20120

Without moving for leave to amend a second time, the Employees timely appealed to this court.

## II.

We review *de novo* a district court's order granting a party's motion to dismiss. *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023). A court can dismiss a suit for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Like a district court, we must construe the pleadings in the light most favorable to the plaintiff. *Hernandez*, 79 F.4th at 469. Still, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III.

To sue a local government under § 1983, plaintiffs must point to a custom, practice, or official policy of the governmental entity that served as the "moving force" of a violation of their constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). The Employees do not state plausible violations of their due process, equal protection, or free association rights arising from the Policy. *See id.* Thus, their § 1983 claims fail.

3

No. 24-20120

## A.

The Due Process Clause of the Fourteenth Amendment constrains state actors from depriving individuals of their life, liberty, or property without constitutionally adequate procedures. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). Property interests "are not created by the Constitution" but "are created and their dimensions are defined by . . . an independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). We "usually treat, as dispositive, the existence—or absence—of a property interest under state law." *Hignell-Stark v. City of New Orleans*, 46 F.4th 317, 322 (5th Cir. 2022). Further, a party must show a "legitimate claim of entitlement," not merely a "unilateral expectation." *Roth*, 408 U.S. at 577.

Here, the Employees raise a flurry of arguments to claim a protected property interest. To start, they cite three sets of Texas statutory provisions. First, § 42.001 of the Texas Property Code, prohibits "garnishment" of certain personal property. Second, § 61.001 and § 61.018 of the Texas Labor Code prohibit wage deduction outside certain circumstances. And the third, § 152.011 of the Texas Local Government Code, requires a "commissioners court" to set compensation for County employees. The Employees then shift their focus to federal law. They contend that the FLSA and the Family and Medical Leave Act (the "FMLA")[2] also give them property interests. Finally, they look to a provision of the Policy itself that allows them to donate their accrued time to a county "sick leave pool." This provision, they say,

---

[2] 29 U.S.C. § 2612.

4

creates a "reasonable inference" that they have a property right to that accrued time.[3]

The County responds that the Employees forfeited their arguments pertaining to the Texas Property and Labor Codes because they failed to mention the provisions in their amended complaint.[4] Even so, they state that the Labor Code is generally inapplicable to governmental entities like the County. *See* Tex. Lab. Code § 61.003. And, although they do not discuss the Local Government Code, they contend that the Property Code provision at issue relates to garnishment, not employee leave policies. The County next contests that the Policy does not violate the FLSA. Thus, the statute does not create a protected property interest.[5] Regarding the Employees' discussion of the Policy's sick pool provision, the County notes it does not derive from some independent source, such as state law or contract. *See Martin v. Mem'l Hosp. at Gulfport*, 130 F.3d 1143, 1147 (5th Cir. 1997).

We agree with the County. The Employees have not directed our attention to any point in the district court proceedings where they discuss § 61.001 and § 61.018 of the Texas Labor Code and § 152.011 of the Texas Local Government Code, or the Policy allowing donation to a "sick leave

---

[3] The Employees also appear to argue that they have a protected liberty interest in their accrued compensatory leave. For support, they rely on a *Lochner*-era case which stated that "[t]he power of the individual to earn a living for himself and those dependent upon him is in the nature of a personal liberty quite as much if not more than it is a property right." *Local Loan Co. v. Hunt*, 292 U.S. 234, 245 (1934). The doctrine recognizing such liberty interests, however, "has long since been discarded." *Ferguson v. Skrupa*, 372 U.S. 726, 730 (1963); *see West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 406 (1937).

[4] The County acknowledges, however, that the Employees mentioned § 42.001 of the Texas Property Code in the hearing before the district court granting its motion to dismiss that complaint.

[5] As discussed in more detail below, the County does not directly discuss the Employees' FMLA argument.

pool." Nor have we found any such discussion. "[B]y failing to raise [these arguments] first before the district court," the Employees have forfeited them. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021).

The Employees have not, however, forfeited their argument concerning § 42.001 of the Texas Property Code. As the County admits, the Employees discussed § 42.001 in the district court's oral hearing. We have held that an argument "actually raised in the trial court . . . is not waived by failure to assert it in a specific manner." *Madore v. Ingram Tank Ships, Inc.*, 732 F.2d 475, 480 (5th Cir. 1984). Instead, we consider whether it was "raised to such a degree that the district court ha[d] an opportunity to rule on it." *F.D.I.C. v. Mijalis*, 15 F.3d 1314, 1327 (5th Cir. 1994). In the district court's hearing, the County responded to the Employees' Property Code argument. Only after considering both sides' perspectives did the district court grant the County's motion for dismissal. Because the district court had "an opportunity to rule on" the Employees' § 42.001 argument, it is properly before us. *See Mijalis*, 15 F.3d at 1327.

Nonetheless, the argument fails for two reasons. First, the Policy is not a "garnishment." *See* Tex. Prop. Code § 42.001. The Supreme Court of Texas has held that merely "offsetting mutual obligations between two parties is not garnishment." *Orange Cnty. v. Ware*, 819 S.W.2d 472, 474 (Tex. 1991). Instead, "garnishment is a statutory proceeding" to pay a "debt of a debtor by means of proper statutory process issued against [a] debtor and the garnishee." *Id.* (cleaned up). Neither side asserts that such a proceeding is at issue in this case. Second, even if the Policy were a "garnishment," the only possibly relevant exemption in § 42.001 is for "current wages for personal services." *See* Tex. Prop. Code § 42.001(b)(1). The Policy, however, only requires that the Employees use paid compensatory leave before other forms of paid leave. That requirement does not result in a net change to wages. Thus, it falls outside of § 42.001(b)(1). It therefore does not

provide the Employees a protected property interest. *See Roth*, 408 U.S. at 577.

Because the Employees have not alleged a protected property interest,[6] their due process claim fails. *See id.* at 577.

## B.

The Equal Protection Clause of the United States Constitution requires that persons similarly situated are treated alike. *Plyler v. Doe*, 457 U.S. 202, 216 (1982). "To state a claim under the Equal Protection Clause, a § 1983 plaintiff must allege that a state actor intentionally discriminated against the plaintiff because of membership in a protected class." *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). "Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

The Employees do not mention their equal protection claims in their principal brief beyond listing them in their statement of issues. Those statements simply pronounce that "the Sheriff's manipulation of the employee time records denies equal protection based upon the status of Sheriff's employees that are non-exempt and entitled to overtime pay." They also state that they are "entitled to equal treatment and protection as other county and state employees regarding [the] use of their earned wages and benefits." In their reply brief, they elaborate that "Harris County Sheriff's employees" are subject to the Policy restricting their use of compensatory leave, but "[o]ther county employees . . . generally are not subject to restrictions."

---

[6] The Policy does not impede the Employees' protected property interests under the FLSA or the FMLA because, as discussed below, it does not violate those statutes. *See* 29 U.S.C. §§ 207, 2612.

No. 24-20120

In response, the County observes that the Employees' principal brief is "devoid of any references to or factual allegations supporting that they are part of a protected class or that they are being singled out." Thus, it urges us to consider their equal protection claims forfeited.

Again, we agree with the County. To preserve arguments from forfeiture, a party must include those "contentions" in its opening brief "and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." FED. R. APP. P. 28(a)(8)(A); *see United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001) ("Failure to satisfy the requirements of Rule 28 as to a particular issue ordinarily constitutes abandonment of the issue."). It is insufficient merely to begin the brief with a conclusory assertion and "fail[] . . . to make any argument whatsoever to support this contention." *United States v. Beaumont*, 972 F.2d 553, 563 (5th Cir. 1992) (emphasis removed); *see also United States v. Bennett*, 874 F.3d 236, 243 n.9 (5th Cir. 2017) (holding that a "conclusory assertion" constituted "inadequate briefing" to preserve an argument for review). "Arguments raised for the first time in a reply brief" are also forfeited. *See Dixon v. Toyota Motor Credit Corp.*, 794 F.3d 507, 508 (5th Cir. 2015).

In their principal brief, the Employees have only listed "conclusory" allegations of equal protection violations "without any reference to specific facts." *See Priester*, 354 F.3d at 420; *see also Beaumont*, 972 F.2d at 563. Although they supplement those allegations in their reply brief, that is too late. *See Dixon*, 794 F.3d at 508. Thus, the Employees have forfeited their equal protection claims. *See Miranda*, 248 F.3d at 443.

## C.

Freedom of association is a right derived from the First Amendment which protects both personal liberty rights to maintain certain human relationships as well as a right to associate to engage in expressive First

8

Amendment activities. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). But the Constitution does not protect "a generalized right of social association." *City of Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (internal quotation marks omitted).

The Employees contend the County impinges on their right to association by "forcing" them "to surrender their compensatory time." This, they say, "den[ies]" them the ability to use that time off "to freely associate with others and or to enjoy private activities at their leisure."

The County counters that the Employees do not raise "any factual allegation asserting that speech, assembly, or indeed any expressive first amendment activities [] have been impacted by [the Policy] or how." Further, they state that the Employees "fail[] to identify any social or human relationship association impacted by [the Policy]."

Here, too, we agree with the County. The Employees fail to allege anything more than a restriction on their "generalized . . . social association." *See Stanglin*, 490 U.S. at 25. Because the protection under the First Amendment does not extend that far, their claim fails. *See Roberts*, 468 U.S. at 618.

## IV.

The FLSA generally requires that employers pay their employees overtime when they work over forty hours in a week. 29 U.S.C. § 207(a)(1). Nonetheless, it permits public employers like the County to provide compensatory time off in lieu of overtime pay. *Id.* § 207(o)(1). It also "does not prohibit employers from forcing employees to use compensatory time." *Christensen v. Harris Cnty.*, 529 U.S. 576, 585 (2000). Independently, it requires employers to keep records of employees, as well as their "wages, hours, and other conditions and practices of employment." 29 U.S.C. § 211(c).

The FMLA, on the other hand, requires employers to provide employees with 12 weeks of unpaid leave for certain family or medical reasons. *Id.* § 2612(a)(1). An employer, however, may require an employee to use his paid sick or vacation leave concurrently with unpaid FMLA leave. *Id.* § 2612(d)(2). The statute does not expressly mention whether the same is true for compensatory leave received instead of overtime pay. *See id.*

The Employees do not appear to contend that the Policy's restriction on compensatory leave directly violates the FLSA. Instead, they allege two indirect violations. First, they claim that the Policy will violate the FLSA's recordkeeping requirement by causing the County to inaccurately record the overtime hours that Employees work and the compensatory time that they accrue. *See* 29 U.S.C. § 211(c). Second, the Employees allege that the Policy unlawfully impinges on their 12-week unpaid-leave entitlement under the FMLA. They posit that—should they need to take leave under the FMLA—their compensatory leave would not normally run concurrently with their FMLA leave. But the Policy now requires that the Employees convert their compensatory leave to sick leave if they are too ill to work. Thus, should they need to take FMLA leave, they now must take their compensatory leave and have it run concurrently with the FMLA leave.

Responding to the recordkeeping claim, the County states that the Employees' "Amended Complaint contained no cause of action for violation of the FLSA." Instead, it only made general conclusory remarks that the County "failed to keep proper time and pay records as required by the FLSA," because "[t]he unauthorized change of sick leave use of benefits to compensatory time is not accurate recording of leave benefits." The County does not appear to discuss the Employees' FMLA claim.

Again, the Employees' arguments fail. Starting with their recordkeeping claim under the FLSA, they never state why the records that

the County kept were not "proper." Nor could they. As the County notes, *Christensen* "refutes th[e] notion" that the FLSA "prohibits a public employer from compelling the use of compensatory time." The Employees, for their part, do not appear to dispute this. Because the Policy itself does not violate the FLSA, the Employees cannot claim that records of that Policy are themselves unlawful. *See Christensen*, 529 U.S. at 585.

As for the Employees' FMLA claim, we consider it forfeited because they raise it for the first time on appeal. *See Rollins*, 8 F.4th at 397–98.[7]

In sum, the Employees failed to preserve for review a plausible, non-conclusory FLSA or FMLA claim. *See Iqbal*, 556 U.S. at 678; *Rollins*, 8 F.4th at 397–98.

## V.

Federal Rule of Civil Procedure 15(a)(1) permits the Employees to amend their complaint once "as a matter of course." Fed. R. Civ. P. 15(a)(1). "In all other cases," they must obtain "the [County's] written consent or the [district] court's leave." Fed. R. Civ. P. 15(a)(2). The Employees amended their complaint after the district court granted the County's first motion to dismiss. They never moved to amend a second time. Because the Employees do not explain that failing, they are not entitled to a second amendment. *See id.*

---

[7] Because the Employees cite no case law to support their FMLA claim, we would still consider it forfeited even if they had raised it before the district court. *See United States v. Upton*, 91 F.3d 677, 684 n.10 (5th Cir. 1996) ("[C]laims made without citation to authority or references to the record are considered abandoned on appeal.").

No. 24-20120

## VI.

For the foregoing reasons, we AFFIRM the district court's dismissal of this suit.