# United States Court of Appeals for the Fifth Circuit

————————

No. 24-20296
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 15, 2025

Lyle W. Cayce
Clerk

Diana I. Reismann Sexton,

*Plaintiff—Appellant*,

*versus*

Margaret Rollins, *in her official capacity as Manager of the Robert Cizick Eye Clinic*; University of Texas McGovern Medical School, Robert Cizick Eye Clinic,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-852

———————————————————————

Before Clement, Engelhardt, and Douglas, *Circuit Judges*.
Per Curiam:[*]

Diana I. Reismann Sexton, a dual citizen of the United States and Argentina, appeals the district court order granting the defendants' motion to dismiss her claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

She argues that the dismissal of her claims was erroneous because her factual allegations were sufficient to state a claim.

As an initial matter, this court will not consider new factual allegations or evidence presented for the first time on appeal. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). Nor will this court permit a party to present a new theory of relief on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (per curiam). Therefore, we will not consider any of the new allegations or claims raised in Sexton's briefs.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). When ruling on a 12(b)(6) motion, courts are to consider "the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Dismissal is proper when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief, or if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (internal quotation marks and citation omitted). We review Rule 12(b)(6) dismissals de novo, "accept[ing] all well-pleaded facts as true" and "construing all reasonable inferences in the light most favorable to the plaintiff." *Hernandez v. W. Tex. Treasures Est. Sales, L.L.C.*, 79 F.4th 464, 469 (5th Cir. 2023). Although the court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff, a complaint's legal conclusions are not presumed to be true. *Iqbal*, 556 U.S. at 678-79.

No. 24-20296

Sexton's Supremacy Clause argument is unavailing. *See* U.S. Const. art. VI, cl. 2. Neither treaty Sexton relies upon is self-executing. *See* International Covenant on Civil and Political Rights (ICCPR), *opened for signature* Dec. 16, 1966, T.I.A.S. No. 92-908, 999 U.N.T.S. 171; International Convention for the Elimination of All Forms of Racial Discrimination (ICERD), *opened for signature* Dec. 21, 1965, T.I.A.S. No. 94-1120, 660 U.N.T.S. 195; *see also* 138 Cong. Rec. 8071 (1992) (ICCPR declaration by U.S. Senate), *cited in Sosa v. Alvarez-Machain*, 542 U.S. 692, 728 (2004); 140 Cong. Rec. 14326 (1994) (ICERD declaration by U.S. Senate). Therefore, they do not provide Sexton with an independent cause of action. *See Alvarez-Machain*, 542 U.S. at 735. Sexton's assertion that the claims against Margaret Rollins were brought against Rollins in her personal capacity are belied by the record. Outside of this allegation, Sexton does not in any meaningful way challenge the reasons underlying the district court's determination that Rollins and the University of Texas (UT) clinic were entitled to sovereign immunity. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Consequently, Sexton has abandoned any challenge to the district court's conclusion that Rollins and the UT clinic were entitled to sovereign immunity. *Id*. Finally, review of Sexton's filings shows that she failed to allege sufficient facts to establish a prima facie case of national origin discrimination under Title VII. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009); *see also Iqbal*, 556 U.S. at 678–79; *Collins*, 224 F.3d at 498.

AFFIRMED.